[Criminal No. 924. Filed February 24, 1942.]

[122 Pac. (2d) 415.]

THE STATE OF ARIZONA, Plaintiff, v. HARVEY POOLE, Defendant.

Mr. Richard F. Harless, County Attorney, and Mr. Darrell R. Parker, Deputy County Attorney, for Plaintiff.

Mr. Paul M. Roca, for Defendant.

ROSS, J.—The sufficiency of the information being raised in the Superior Court of Maricopa County where the matter is pending, the cause, with the consent of defendant's counsel, was certified to this court for a pre-trial determination of the following questions:

"1. Does the information as amended and amplified by the Bill of Particulars filed herein charge the defendant with the commission of a public offense under the laws of the State of Arizona, and if so, what offense?

"2. Is Section 43–406, Arizona Code Annotated, 1939, violative of any of the provisions of the Constitution of the State of Arizona or of the Constitution of the United States?

■■ The information charges the defendant with "the infamous crime against nature," in that on or about December 31, 1941, he feloniously violated section 43–406, Arizona Code 1939, "by an act of sexual intercourse with a beast, to-wit: a Holstein cow."

The section of the statute referred to in the information reads:

"43–406. *Sodomy.*—Any person who shall commit sodomy, or the crime against nature, with mankind or beast, shall be punished by imprisonment in the state prison not more than five (5) years nor less than one (1) year. Said crime may be committed by the penetration of the mouth or rectum of any human being by the organ of any male person; proof of emission shall not be required, and any sexual penetration, however slight, shall be sufficient."

This reference in the information to the statute for a description of the offense charged is permissible under the statute. Subdivision (2), section 44–711. If, therefore, the statute states an offense, the information, being in the language of the statute, is good.

██ Under the statute the offense as between human beings may be committed in either the mouth or rectum, because such acts are against nature. As between a human being and a beast, any act of copulation is against nature.

██ The term "crime against nature" as known at the common law embraced both sodomy and bestiality, the same as felony embraces murder, larceny, etc. *Ausman,* v. *Veal,* 10 Ind. 355, 71 Am. Dec. 331.

"Bestiality is a connection between a human being and a brute of the opposite sex." Id. See, also, 58 Corpus Juris 787, § 1, note (d).

Section 43–406, *supra,* defines how the "crime against nature" or "sodomy" may be committed in two ways: one way by a human being with another human being, and the other way by a human being with a beast.

In *State* v. *Johnson,* 44 Utah 18, 137 Pac. 632, a well-considered case, the Supreme Court of Utah said:

"At common law 'sodomy' and the term 'infamous crime against nature' meant the same thing and were used interchangeably. In 4 Blackstone's Commentaries, 215, the author refers to and characterizes sodomy as the infamous crime against nature. Nor is there any distinction made as to the meaning of these terms by the more modern writers on criminal law. In 2 McClain's Criminal Law, 1153, it is said: 'This offense is sufficiently described by calling it, with Blackstone, the crime against nature, committed either with a human being or a beast.' In 1 Wharton's Criminal Law (11th Ed.) § 753, the crime is defined as follows: 'Sodomy is the "crime against nature" or the "infamous crime against nature"; these phrases being used as synonymous with the word "sodomy" in all its various branches or designations.' 25 A. & E. Ency. L. (2d Ed.) 1144; Black's Law Dict. 299; Anderson's Law Dict. 958. See, also,

2 Words and Phrases [First Series] 1740, and 7 Words and Phrases [First Series] 6539.''

See, also, *State* v. *Peterson,* 81 Utah 340, 17 Pac. (2d) 925.

 Upon the demand of the defendant, the county attorney furnished him a bill of particulars showing that the act with which the defendant was charged consisted of his having connection with the sexual organs of a Holstein cow, at the time and place mentioned in the information.

We certainly think that the information together with the bill of particulars states a public offense known as sodomy or the crime against nature. This answers the first question.

 We cannot see wherein section 43–406, Arizona Code 1939, violates any provision of the Constitution of the State of Arizona or the Constitution of the United States. This answers the second question.

LOCKWOOD, C. J., and McALISTER, J., concurs.