418 P.2d 591

**STATE of Arizona, Appellee,**

v.

**Robert STEVENSON, Appellant.**

**No. 1512.**

Supreme Court of Arizona,
In Banc.

Oct. 6, 1966.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, for appellee.

Robert Stevenson, in pro. per.

LOCKWOOD, Justice:

A complaint was filed March 22, 1963 charging the defendant Robert Stevenson with the crime of first degree murder, a felony in violation of A.R.S. §§ 13–451, 13–452 and 13–453. A preliminary hearing was held on April 3, 1963 in which the defendant was represented by counsel. An information was subsequently filed on April 18, 1963. Upon arraignment defendant entered a plea of not guilty and not guilty by reason of insanity and trial was set for June 17,

1963 and later reset for August 19, 1963. After several further continuances upon request of defense counsel, on December 4, 1963 a trial commenced, but resulted in a mistrial. On March 16, 1964 trial was again commenced, and concluded four days later. Defendant was represented by court-appointed counsel. The jury found defendant guilty, and fixed the penalty at life imprisonment. Defendant was sentenced in accord with the verdict.

The facts taken in the light most favorable to support the finding of the jury may be summarized as follows:

On the evening of February 12, 1963 the defendant went to the home of an elderly couple by the name of Grenwald. Mr. Grenwald was an invalid who allegedly kept large sums of money in his home. Defendant· entered the Grenwald home through the bathroom window to search for the money. Mrs. Grenwald returned home, heard some noise in the bathroom, entered, and was attacked by the defendant who inflicted three large wounds on her head by smashing it on the base of the bathtub. Defendant, after searching the victim and finding no money, left by the same window. Mrs. Grenwald was found by a friend, lying on the floor, and was taken to the hospital where she died shortly thereafter.

The defendant was incarcerated since February 23, 1963 in the City Jail for carrying a concealed weapon in his automobile and was sentenced to thirty days in jail. During this period of incarceration he allegedly related what had happened on February 12, 1963 to a fellow inmate, one Tommy Taylor who in turn related defendant's story to the police. The police then interrogated the defendant Stevenson on March 19 and March 20 at which time the defendant denied the alleged crime. However, when later confronted with Taylor's accusation the defendant orally confessed to the commission of the homicide. The defendant was then brought to the scene of the crime to re-enact exactly what transpired. He was then returned to the interrogation room where a court reporter was present. He then refused at that point to make a statement to the police because as he stated, according to the witness, Officer Cooley, "I'm a little nervous now and what I told that I might try to go back over it and mess up something." However, upon a reading of the notes taken by Officer Cooley of the oral confession earlier that day, the defendant was asked:

"Q. Are they the questions which were asked you and which you answered in that manner.

"A. Yes sir."

Furthermore, prior to the reading of the oral confessions the defendant was asked:

"Q. Now when you spoke to detective Cooley and detective Golden (earlier that day) did they advise you that you didn't have to say anything, and anything you might say would be used against you?

"A. They did.

"Q. Did they advise you that you had the right to counsel or a lawyer if you wanted one?

"A. Yes."

In addition, defendant was again reminded prior to making any statement in front of the court reporter that: (1) he did not have to give any statement or say anything; (2) if he did make any statement it might be used against him in court; and (3) he had the right to a lawyer before saying anything.

The oral confession transcribed by Officer Cooley and the statements made by the defendant before the court reporter were admitted in evidence without objection by defense counsel.

Upon appeal the court-appointed counsel indicated that he was unable to find grounds upon which to base an appeal and submitted the case to this court to search for fundamental error. The defendant upon learning of his counsel's failure to assert grounds for reversal asked that he in propria persona be permitted to file briefs on appeal. Such permission was granted.

The defendant contends that the Fifth Amendment to the United States

Constitution providing that no person shall be held to answer for capital or other infamous crime unless on presentment or indictment of grand jury, imposes such restriction on the states. We had occasion to consider such contention in Turley v. State, 48 Ariz. 61, 59 P.2d 312 (1936), and found that this provision does not impose any restriction upon the states. See also Hurtado v. People of State of California, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884); State v. Stewart, 3 Ariz.App. 178, 412 P.2d 860 (1966). Thus, defendant's contention is without merit.

The defendant further claims on appeal that the confession obtained was the result of coercion and that the trial judge failed to make a preliminary determination as to voluntariness pursuant to Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964). The defendant testified on his own behalf during the trial. Although he claimed no physical abuse at the hands of the police, he testified that he was scared, felt sick, was threatened, and was brought to the scene of the crime against his will. Furthermore, the police stated that they had told him in the initial interrogation that they had "reliable information" that he had committed the homicide.

 This case was concluded before the United States Supreme Court determination in Jackson v. Denno, supra. As to trials concluded before Jackson v. Denno, we hold that no hearing before the judge to determine voluntariness is necessary in cases where a confession was admitted without any objection by the defendant or any assertion by him or his witnesses as to voluntariness. However, even in these cases, if the trial court charged the jury on voluntariness, the issue would be in the case and a judicial hearing would be required. See, State v. Simoneau, 98 Ariz. 2, 401 P.2d 404 (1965); People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965). In this case, the record suggests that the defendant, at least by implication, questioned the voluntariness of the confession. State v. Tannahill, 100 Ariz. 59, 411 P.2d 166 (1966), and the trial judge did instruct the jury as to voluntariness. For this reason the cause must be remanded to the Superior Court for the purpose of a hearing to determine whether the confession was voluntary. We recently stated in State v. Maloney, 101 Ariz. 111, 116, 416 P.2d 544, 549 (1966) that:

"In deciding whether defendant's statements were voluntary, the trial court cannot apply the principles enunciated by the United States Supreme Court in Miranda v. [State of] Arizona [384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694] because that decision only applies to trials began [sic] after June 13, 1966 * * *. See Johnson v. [State of] New Jersey [384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882] decided by the United States Supreme Court June 20, 1966. The trial court must apply the holding of Escobedo v. [State of] Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 as well as those cases outlining the traditional test of coercion including Davis v. [State of] North Carolina [384 U.S. 737, 86 S.Ct. 1761] decided by the United States Supreme Court June 20, 1966."

If the trial court decides that defendant's statements were voluntarily given it will notify this Court by causing a certified copy of its minute entry to be transmitted to the Clerk of this Court. If no objection to the ruling is presented to this Court within fifteen days, an order will be entered affirming the conviction. If the trial court finds that the statements were involuntary, it is directed to enter an order granting defendant a new trial.

Remanded with directions.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.