445 P.8d 429

**STATE of Arizona, Appellee,**

v.

**Shirley Austin TERRELL, Appellant.**

**No. 1815.**

Supreme Court of Arizona.

In Banc.

Sept. 25, 1968.

Darrell F. Smith, then Atty. Gen., and Terry M. Pierce, Asst. Atty. Gen., for appellee-plaintiff.

Peter D. Baird, Phoenix, court-appointed attorney, for appellant-defendant Terrell.

UDALL, Vice Chief Justice:

Appellant, hereinafter called defendant, brings this appeal from a conviction of rape and kidnapping.

Near midnight, defendant and his wife returned home from an evening out. Defendant told the victim, a 13-year-old babysitter, he would take her home. The girl got into defendant's car and was driven to a secluded spot on a dirt road near a cotton field, and forcibly raped. Defendant was charged with rape and kidnapping, convicted, and sentenced to serve a term in the state penitentiary for 30 years to life.

The appeal is brought on purely technical grounds. Defendant maintains that his conviction should be reversed because the information and magistrate's commitment were defective.

Defendant's first contention concerns the complaint and information. It is argued

that in the first count, charging rape, the complaint and information failed to state which degree of rape was being charged and also failed to negate the possibility that defendant was married to the victim. Likewise, in the second count, charging kidnapping, the complaint and information failed to negate the possibility that defendant was the parent of the victim.

An exhaustive bill of particulars was submitted by the county attorney which fully supplied all information requested by defendant. The bill stated that defendant would be charged with first-degree rape, that the sexual intercourse with the 13-year-old victim was done against her will, and that defendant was not the parent of the victim.

We disagree with defendant that the pleadings were defective. Simplicity, rather than technicality, is the desired goal of modern pleadings. This court said, in Duke v. State, 49 Ariz. 93, 64 P.2d 1033:

"While it was customary in the past for all pleadings in criminal cases to state the offense charged with great particularity, in jurisdictions which follow the more modern rule it is generally held that the extreme technical precision of the ancient law is unnecessary, and that it is sufficient in the case of a commitment that the offense be charged generally by its legal name, if it has one, and that it is unnecessary that the precise details of the manner in which the crime was committed be set forth therein."

An information is sufficient if it clearly sets forth the offense, in such manner as to enable a person of common understanding to know what is intended. Gutierrez v. State (1934), 44 Ariz. 114, 34 P.2d 395.

Defendant was charged in the complaint and information with rape and kidnapping. The degree of rape was not specified, nor was the possibility of a parent-child or husband-wife relationship negated. But, the name of the victim was given, and we are not hard pressed to assume that defend-ant could quickly discern whether the girl was his wife or daughter. If he was left in doubt as to the girl's consent, then his remedy was to request that the information be supplied in a bill of particulars.

Where an indictment is defective in that it fails to advise of the nature and cause of the accusation, all information can be supplied by a bill of particulars and the indictment is not fatally defective. State v. Miller, 100 Ariz. 288, 413 P.2d 757. In State v. Gallegos, 99 Ariz. 168, 407 P.2d 752, we approved language from State v. Benham, 58 Ariz. 129, 118 P.2d 91:

"In view of the simplified forms of indictment and information under the new criminal procedure, bills of particulars assume an important place in criminal trials. What was formally essential to allege in the indictment or information may now be supplied to a defendant in a bill of particulars."

The State complied with defendant's motion for a bill of particulars. The bill clarified the State's intention to prosecute for first degree rape.

Defendant contends that the complaint and Magistrate's commitment were defective because they failed to state whether defendant had committed first or second degree rape. Rule 142, Rules of Criminal Procedure, A.R.S. Volume 17, expressly authorizes the charging of an offense in an information without specifying the degree. See State v. Intogna (1966), 101 Ariz. 275, 419 P.2d 59.

Rule 33, subsec. B, Arizona Rules of Criminal Procedure, A.R.S. Volume 17, states that:

"The magistrate, if he holds the defendant to answer, shall enter an order in his docket to the following effect: 'It appearing to me that the crime of (*stating generally the nature*, and as nearly as may be the time and place where the crime was committed) * * *'." (Emphasis supplied)

In application of Williams, 85 Ariz. 109, 333 P.2d 280, quoted with approval in Dodd

v. Boies, 88 Ariz. 401, 357 P.2d 144, we said:

"However, in a charge as grave as that of first degree murder, it would seem that a magistrate conducting a preliminary hearing should be mindful that his duty is not to determine the ultimate guilt or innocence of a defendant, or determine the degree of the crime charged, but only to determine whether there is probable cause to believe defendant guilty of the offense charged, and leave to the trial tribunal the final determination of the application of the law to the facts, and leave to the jury the question as to whether defendant is guilty of the offense charged or of an included offense."

Judgment affirmed.

McFARLAND, C. J., and STRUCK-MEYER, Jr., BERNSTEIN and LOCK-WOOD, JJ., concur.