452 P.2d 706

**STATE of Arizona, Appellee,**

v.

**Lawrence ROBINSON, Appellant.**

**No. 1 CA–CR 189.**

Court of Appeals of Arizona.

April 8, 1969.

Rehearing Denied May 12, 1969.

Review Denied June 10, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Special Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Anne Kappes and Grant Laney, Deputy Public Defenders, for appellant.

DONOFRIO, Chief Judge.

Defendant was convicted of Grand Theft (Auto) in violation of A.R.S. § 13–661 and § 13–663. The evidence showed that Don H. Hoctor owned an auto wrecking business. He purchased the automobile in question to dismantle and sell its parts, and to junk what was nonusable. The car was not in running condition and had to be towed. Hoctor left the car across the street from his lot, in front of a lot that he was purchasing which was at the time being cleaned up by the defendant and his employer.

Later that day Mr. Hoctor found the car missing. While investigating around the neighborhood, he found the car in an enclosure apparently owned by Mr. Delbert Whitney. Mr. Whitney had been hired by Mr. Hoctor to clean the lot across the street, which lot Mr. Hoctor was purchasing. The defendant had been employed by Mr. Whitney to help clean up this lot.

Defendant testified that he was hired by Mr. Whitney to help clean the lot across from Mr. Hoctor's place and had pushed the car to Mr. Whitney's place in response to a request from some unnamed gentleman. The man had told defendant his car had quit; that he had bought the car from Mr. Whitney; and that he wanted to be pushed down to Mr. Whitney's place. Mr. Whitney owned a junk yard and was in the business of buying and selling old cars.

On appeal defendant raises four questions: First, was the automobile stolen an automobile within the meaning of the Grand Theft statute, § 13–663A, subsec. (3)? The second and third questions pertain to whether the court erroneously admitted statements made by the defendant to the police officer. Fourth, was the information charging Grand Theft of an automobile sufficient to support a conviction when it did not show the serial number of the automobile or any other description by model or color?

MOTOR VEHICLE UNDER A.R.S.
§ 13–663

The statute under which the defendant was convicted, A.R.S. § 13–663, insofar as applicable, reads:

"A. 'Grand theft' is:

"3. Theft of a horse, mare, gelding, colt, cow, steer, bull, calf, mule, jack, jenny, goat, sheep, hog, or any neat or horned animal, or a bicycle or motor vehicle, or any part thereof."

Defendant's position is that "motor vehicle" as used in the criminal statute must be defined in light of the definition contained in Title 28 of our Motor Vehicle Code:

" 'Motor vehicle' means any self-propelled vehicle, but for the purpose of the laws relating to the imposition of a tax upon motor vehicle fuel the term means any vehicle operated upon the highways of this state which is propelled by the use of motor vehicle fuel." A.R.S. § 28–124.

The evidence clearly shows that the vehicle was not in running condition. Mr. Hoctor, the owner, testified that the automobile had to be towed and that he had purchased it to sell parts and then junk the rest. There was no evidence as to why the car was not in running condition. Nothing in the record suggests the extent of the car's mechanical ability to become mobile under its own power, other than the statement by its owner that "the engine did not work".

■ Surely an automobile which is unable to move because of a faulty battery or lack of gas still must be considered a motor vehicle, even though it cannot be self-propelled at the moment. Oftentimes cars which appear to be beyond hope of repair are made usable because of the mechanical aptitude and ability of some person. The mere fact that an automobile at the time it is stolen is mechanically defective so as to be unable to be self-propelled does not make the automobile something other than a motor vehicle under A.R.S. § 13–663.

In the case of State v. Lansing, 108 Vt. 218, 184 A. 692 (1936), it was pointed out that even though a car may be so mechanically defective as to be temporarily unable to be self-propelled, it still may be considered a motor vehicle. It is conceivable that an automobile may be so demolished or dismantled that it no longer can be considered a motor vehicle under our statutes. There is some authority for the statement that an automobile purchased only for its salvage value ceases to be a motor vehicle only after it has been so disassembled or destroyed that it physically is not a motor vehicle. State ex rel. Ohio Auto & Truck Wrecking Assn. v. Mainwaring, 175 Ohio St. 497, 196 N.E.2d 584 (1964). There was substantial evidence for the court to find that the automobile in this case had not yet reached that condition.

■ It is not necessary to set out specific facts which must be shown in order to prove that an object of a theft is or is not a motor vehicle so as to be included

under our Grand Theft statute as it was written at the time of this trial. We feel there was sufficient evidence for the trier of fact to determine that the automobile which was the subject of the theft in this case was sufficiently intact to be considered a motor vehicle under the applicable statute.

It should be noted that in 1968 the Grand Theft statute was amended to exclude motor vehicles from its coverage. At that time a new statute was passed, making theft of a motor vehicle a felony under A.R.S. § 13–672. Neither the amendment nor the new statute became effective until after the defendant in this case had been adjudicated guilty and sentenced. 1968 Session Laws of Arizona, Ch. 10.

## VOLUNTARINESS OF STATEMENTS

The court conducted a hearing as to the voluntariness of certain statements the defendant made to a police officer. The judge found that "whatever statements were made were made voluntarily and willingly by the defendant, he having been fully apprised of his Constitutional rights."

At this voluntariness hearing the police officer testified that he read to defendant "the rights card" which correctly apprised the defendant of his constitutional rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He testified that the defendant acknowledged that he comprehended this warning. Over objection, the officer testified as to certain exculpatory statements made by the defendant.

The officer then testified that in the presence of Mr. Whitney and the defendant he told both of them he had to submit to the court and county attorney a report stating either one or both of them could be charged with the crime and that he could not tell who was the real culprit. Mr. Whitney, the defendant's employer, then requested that he be allowed to talk to defendant alone. The defendant was willing to do so.

Mr. Whitney and defendant talked alone for approximately five minutes. The policeman then walked over to where the two were talking, and then the defendant told the officer he had stolen the car. He said he had been alone and had been drinking. However, he refused to say how he alone had moved a car which was totally unable to move under its own mechanical ability.

Defendant denied making these statements. He testified that the officer told him to cooperate, and if he did, then things would be easier on him. Defendant testified he told the officer that he wanted an attorney, and then repeated his story of pushing the car to Mr. Whitney's place as a favor for some unnamed gentleman. The rule appears to be well settled in this State that an appellate court will not disturb a determination that a confession is voluntary unless it is clearly erroneous. State v. Denton, 101 Ariz. 455, 420 P.2d 930 (1966); State v. Pulliam, 87 Ariz. 216, 349 P.2d 781 (1960). At the conclusion of the hearing to determine the voluntariness of the confession, it is incumbent upon the presiding judge to make a definite determination as to whether the statement was voluntary. State v. Dodd, 101 Ariz. 234, 418 P.2d 571 (1966); State v. Robinson, 6 Ariz.App. 419, 433 P.2d 70 (1967).

In the instant case the court made a definite affirmative determination that "whatever statements were made were made voluntarily and willingly by the defendant." This finding was based upon substantial evidence and is not clearly erroneous. We therefore find no error in the admission of the confession.

## SUFFICIENCY OF INFORMATION

The information which was filed by the county attorney against the defendant reads as follows:

"In the name and by the authority of the State of Arizona

"LAWRENCE ROBINSON is accused this 5th day of March, 1968, by the County Attorney of Maricopa County,

State of Arizona, by this information, of the crime of GRAND THEFT (AUTO), A FELONY committed as follows, to-wit:

"The said LAWRENCE ROBINSON on or about the 31st day of January, 1968, and before the filing of this information at and in the County of Maricopa, State of Arizona, stole from DON HOCTOR a motor vehicle described as follows, to-wit: a 1956 Ford, Arizona License HBT–125; all in violation of Sections 13–661, 13–671, and 13–663, A.R.S., as amended, 1963; contrary to the form, force and effect of the statute in such cases made and provided and against the peace and dignity of the State of Arizona."

It is defendant's contention that this information is fatally defective and that it does not describe the property alleged to have been stolen with sufficient particularity to support a conviction.

■ In order to be legally sufficient, an information must show four things: It must clearly indicate the crime charged; it must state the essential elements of the crime; it must adequately describe what acts and property are involved, so as to apprise the court of what acts and property are in question and to enable the defendant to prepare his defense to the charge; and it must be specific enough to enable the accused to plead the verdict in bar of a subsequent prosecution for the same unlawful act. State v. Maxwell, 103 Ariz. 478, 445 P.2d 837 (1968); State v. Kuhnley, 74 Ariz. 10, 242 P.2d 843 (1952); State v. Stewart, 3 Ariz.App. 178, 412 P.2d 860 (1966). We feel that the information filed in this particular case satisfies all of these requirements.

Defendant's counsel cites us to many cases, including State v. Kuhnley, supra, and State v. Rogers, 2 Ariz.App. 232, 407 P.2d 773 (1965). It is correct that in order for there to be a sufficient information there must be more specificity than was found in the information in either of these two cases. In the Kuhnley case the personal property involved was described as "2 Sewing Machines, 1 Saw, 1 Radio, 2 Typewriters, all totaling the value of more than $50.00." In the Rogers case the property was described as "property belonging to Cerbat Mining and Milling Company of a value of more than $100, specifically certain electric motors." None of the cases cited to us by the defendant had as much specificity and particularity included in the information as is present in the information in this case.

■ While the automobile in this case could have been described with more specificity, and perhaps more particularity might have been advisable, we do not think that the information in this case was so vague as to require a reversal. The description of "a 1956 Ford Arizona License HBT–125" contains sufficient information to satisfy the four requirements listed above.

Affirmed.

STEVENS and CAMERON, JJ., concur.