470 P.2d 675

**The STATE of Arizona, Appellee,**

**v.**

**Jose Emilio SUAREZ, Appellant.**

**No. 1365–2.**

Supreme Court of Arizona,
In Banc.
June 19, 1970.

---

---

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Bernard I. Rabinovitz, Tucson, for appellant.

HAYS, Justice.

In May of 1963 appellant was convicted of first degree burglary and sentenced to 10 to 15 years in the state prison. On appeal from that conviction appellant's court appointed counsel advised this Court by written communication that he had searched the record and had been unable to find grounds upon which an appeal could be based. We ordered the appeal submitted and upon an examination of the record found no error. This Court, en banc, issued a per curiam decision affirming the conviction. State v. Suarez, 95 Ariz. 95, 387 P.2d 799 (1963). Thereafter on September 23, 1969, an order was entered granting an appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Appellant first contends that the trial court erred in admitting certain inculpatory statements appellant made to police without a Miranda warning having been given. He further contends that the failure of the trial judge to conduct a preliminary inquiry into the voluntariness of these inculpatory statements after appellant objected to their admissibility was error.

We find no merit in appellant's argument that the trial court erred in not applying the principles of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966), since Miranda applies only to trials begun after June 13, 1966. John-

son v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); State v. Maloney, 101 Ariz. 111, 416 P.2d 544 (1966). The trial in the instant case began May 1, 1963.

■ We do not find error in the trial judge's failure to conduct a voluntariness hearing pursuant to Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). In State v. Stevenson, 101 Ariz. 254, 256, 418 P.2d 591 (1966) we held as to trials concluded before Jackson v. Denno:

> " * * * that no hearing before the judge to determine voluntariness is necessary in cases where a confession was admitted without any objection by the defendant or any assertion by him or his witnesses as to voluntariness. However, even in these cases, if the trial court charged the jury on voluntariness, the issue would be in the case and a judicial hearing would be required."

In the instant case the record shows that appellant's counsel objected to the admission of the inculpatory statements upon the grounds that they called for a conclusion and were hearsay. There was no objection by the appellant as to the voluntariness of his statements nor any assertion by the appellant or his witnesses that the statements were not voluntary. Appellant testified that he did not remember talking to the police at the scene of the burglary. Appellant further testified that he was intoxicated and did not remember anything from the time he left a tavern until some time after he was placed under arrest. It may be argued that by denying any memory of making the statements and by claiming intoxication that the appellant, at least by implication, questioned the voluntariness of his statements. Assuming this to be true, for the purpose of argument, this in and of itself would not be sufficient to require a hearing on voluntarines. In State v. Stevenson, supra, we held that a voluntariness hearing is required where the defendant questions the voluntariness of his confession by implication and the trial judge instructs the jury on voluntariness.

■ Although the appellant for the first time on appeal suggests that by implication the issue of voluntariness is a part of the case, we hold to the contrary. At the trial the appellant neither raised the point nor did the court instruct on it.

■■ Appellant's second assignment of error is that the trial court erred in permitting the State to amend its information to correct the address of the place burglarized and subsequently erred in not informing the jury of that amendment. This Court has previously held that an information is legally sufficient if it fairly indicates the crime charged; states the essential elements of the alleged crime; and is sufficiently definite to apprise the defendant so that he can prepare his defense to the charge. State v. Maxwell, 103 Ariz. 478, 445 P.2d 837 (1968). The test of the sufficiency of an information is whether in a subsequent prosecution for the unlawful act described in the information the defendant could plead the information as a bar. State v. Kuhnley, 74 Ariz. 10, 15, 242 P.2d 843 (1952). Furthermore, an information is sufficient if the offense is set forth in such a manner that a person of common understanding would know what was intended. State v. Terrell, 103 Ariz. 453, 445 P.2d 429 (1968).

■ In the instant case the information shows that the appellant was charged with the burglary of premises in the possession of one C. Mills Pace. The fact that the information also contains the incorrect address of the burglarized premises is immaterial and may be treated as surplusage. Rule 144, Rules of Crim.Proc. 17 A.R.S. The error in the address was simply the error in one number. The information gave the address as 2344 North Miracle Mile, Tucson, Arizona, when in fact the address was 2334 North Miracle Mile, Tucson, Arizona. This is the type of minor defect covered by Subdivision A of Rule 145 of the Rules of Crim.Proc., 17 A.R.S.

We are of the opinion that had the appellant been acquitted of the charge of burglarizing the premises in the possession

 

of C. Mills Pace at 2344 North Miracle Mile, Tucson, Arizona, he could have plead that information as a bar to any later prosecution for burglarizing the premises of C. Mills Pace at 2334 North Miracle Mile, Tucson, Arizona. Therefore, we find no merit in appellant's contention that the trial court erred in permitting the State to amend the information.

Appellant offers no authority to support his contention that the trial court erred in not informing the jury of the amendment of the information. We hold that the trial court did not commit error in this regard.

Judgment of conviction is again affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.