486 P.2d 827

**STATE of Arizona, Appellee,**
v.
**Eliasar GARZA, Appellant.**
**No. I CA–CR 284.**

Court of Appeals of Arizona,
Division 1,
Department B.
July 22, 1971.

**148**

Gary K. Nelson, Atty. Gen., by Frank Sagarino, Chief Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender for Maricopa County by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAIRE, Judge.

Two questions are raised on this appeal by the defendant from his conviction and sentence on a grand theft charge. First, defendant questions the sufficiency of an information which charged that defendant on a certain day " * * * stole from the Velda Rose Motel linen of the value of more than $100.00, all in violation of [specified statutes]." Defendant contends that the failure to describe the "linen" involved with greater specificity makes the information fatally defective because if he were "brought to trial again a year from now on the same charge he could not mount a successful former jeopardy attack by saying simply that he had been acquitted, or convicted, of stealing 'linen' ".

The problem with defendant's contention is that he omits entirely from his consideration the fact that the information specified not only that defendant stole linen, but also sets forth with particularity the date of the theft and the place and party from whom the linen was stolen. We have no doubt that plaintiff could successfully urge the defense of double jeopardy if in the future he is ever again charged with the theft of linen of any description occurring in Maricopa County, Arizona, on July 16, 1969 from the Velda Rose Motel. Defendant does not contend that the information was insufficiently detailed to enable him to prepare an adequate defense, nor did he move for a bill of particulars pursuant to Rule 116, Rules of Criminal Procedure, 17 A.R.S. In our opinion a charge of grand theft which, as here, describes the property in general terms and specifies the date, place and party from whom that property has been stolen, is sufficient to withstand the charge leveled by defendant. Nor, are we persuaded that State v. Kuhnley, 74 Ariz. 10, 242 P.2d 843 (1952), dealing with an information charging the crime of receiving stolen property, requires a contrary result. In this connection, see State v. Lombardo, 104 Ariz. 598, 457 P.2d 275 (1969), a later Arizona Supreme Court decision dealing with an information charging the crime of grand theft.

Defendant next questions the sufficiency of the evidence to sustain his conviction. We have examined the record, and taking all inferences in favor of upholding the jury's verdict, we find the evidence sufficient.

The judgment and sentence are affirmed.

JACOBSON, P. J., and EUBANK, J., concur.