504 P.2d 556

**STATE of Arizona, Appellee,**

v.

**Roger Gale MALLORY, Appellant.**

**No. 1 CA–CR 415.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 21, 1972.

Rehearing Denied Jan. 26, 1973.

Review Denied March 6, 1973.

16

Gary K. Nelson, Atty. Gen., by William P. Dixon and Thomas A. Jacobs, Asst. Attys. Gen., for appellee.

Ross P. Lee, Public Defender, Maricopa County, by Anne Kappes, Deputy Public Defender, for appellant.

STEVENS, Presiding Judge.

In this appeal, after a plea of guilty to an amended information, the defendant-appellant raises a single question as follows:

"Is the information sufficient to support a guilty plea to grand theft when it does not show any description of the property alleged to be taken or state its value?"

### FACTUAL BACKGROUND

The background for the charges in question are thoroughly set forth in the reporter's transcript of the preliminary hearing. It is thereby established that on, and for some time prior to 22 June 1971, Joseph Ruscione was a coin dealer engaged in business at a stated address in Phoenix. Part of his inventory consisted of a 1908 $20 gold piece and a 1924 $20 gold piece, both in extra fine condition, which Ruscione valued at $60 each, wholesale, and at $70 each, retail. His inventory also included a 1902S-half dollar which he valued at $125.

About closing time on the above-mentioned date the defendant, and another person who testified for the State at the preliminary hearing, entered the Ruscione place of business. The defendant was armed with a sawed-off shotgun. Mr. and Mrs. Ruscione were in the place of business and while the defendant covered Mr. and Mrs. Ruscione with the shotgun his companion took the three coins above-mentioned. One of the gold coins was sold for $50 by the defendant to another coin dealer, who resold it shortly thereafter. None of the coins were recovered. At the conclusion of the preliminary hearing the defendant was bound over to the Superior Court where an "information for armed robbery" was filed. The information charged, in part, that on the day in question the defendant:

"* * * while armed with a gun or deadly weapon, robbed Joseph Ruscione, all in violation of A.R.S. § 13–641 and 13–643, as amended in 1967; * * *."

There was no allegation of a prior conviction. Under A.R.S. § 13–643, as amended in 1967, the punishment prescribed for the first offense of armed robbery is not less than five years and not more than life. For subsequent offenses the minimum is increased without eligibility for commutation of sentence.

After the initial plea of not guilty and on the day scheduled for trial, as a result of a plea bargain, an amended information was filed charging the defendant as follows:

"The said ROGER GALE MALLORY, on or about the 22nd day of January, 1971, and before the filing of this information at and in the County of Maricopa, State of Arizona, did then and there take personal property from the person of Joseph Ruscione, all in violation of A.R.S. Section 13–661 and 13–663, contrary to the form, force and effect of the statute in such cases made and provided and against the peace and dignity of the State of Arizona."

Where the charge of grand theft is silent as to the use of a gun or deadly weapon, as here, A.R.S. § 13–671, as amended in 1967, specifies that the permissible range of sentencing is "not less than one nor more than ten years." The defendant was arraigned on the amended information and

after all of the proper safeguards were observed by the trial court the defendant entered a plea of guilty to the amended information. Thereafter he was adjudged guilty and sentenced to a term of not less than four and not more than five years to commence as of the date of his arrest. The transcript of the proceedings discloses that the trial court was aware of the fact that the defendant was, at the time of sentence, on probation in another county, although the record does not disclose the nature of the offense.

Neither at the time of the arraignment on the amended information, nor at the time of entry of the judgment of guilt and sentence, was the question of the sufficiency of the amended information presented to the trial court and the trial court was not given the opportunity to rule on this legal point.

## THE APPEAL

█ The defendant filed an *in propria persona* appeal to the Arizona Supreme Court. In view of the adjudication under the amended information the Court of Appeals has jurisdiction and pursuant to State v. Howell, 107 Ariz. 300, 486 P.2d 782 (1971), the Arizona Supreme Court entered its order transferring the appeal to the Court of Appeals.

## CONTENT OF INFORMATIONS

The criminal rules have removed Arizona from those states which require highly technical pleading in informations. The rights of an accused with reference to an indictment or information filed against him arise from Article 2, §§ 10, 24 and 30 of the Constitution of Arizona, A.R.S., and the Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States.

█ Fundamental to the rights of the accused is the right to notice of the "nature and cause of the accusation" against him. The question thus evolved is: With what specificity must the purported crime be alleged? The substantive test has been

set out in State v. Suarez, 106 Ariz. 62 at 64, 470 P.2d 675 at 677 (1970).

"This Court has previously held that an information is legally sufficient if it fairly indicates the crime charged; states the essential elements of the alleged crime; and is sufficiently definite to apprise the defendant so that he can prepare his defense to the charge. State v. Maxwell, 103 Ariz. 478, 445 P.2d 837 (1968). The test of the sufficiency of an information is whether in a subsequent prosecution for the unlawful act described in the information the defendant could plead the information as a bar. State v. Kuhnley, 74 Ariz. 10, 15, 242 P. 2d 843 (1952). Furthermore, an information is sufficient if the offense is set forth in such a manner that a person of common understanding would know what was intended. State v. Terrell, 103 Ariz. 453, 445 P.2d 429 (1968)."

Rule 115 of the Arizona Rules of Criminal Procedure, 17 A.R.S., sets forth the manner in which a crime may be alleged in an information. The Supreme Court of Arizona in State v. Miller, 100 Ariz. 288, 297, 413 P.2d 757, 763 (1966), upheld the statutory authorized abbreviated method of stating a charge:

"* * * an indictment or information in the language of the statute is sufficient"

in answering a contention that such an abbreviated information could not be cured by a bill of particulars. The Court cited a line of authority supporting that proposition. State v. Burgess, 82 Ariz. 200, 310 P.2d 822 (1957); State v. Gordon, 79 Ariz. 184, 285 P.2d 758 (1955); State v. Poole, 59 Ariz. 44, 122 P.2d 415 (1942); Adkins v. State, 42 Ariz. 534, 28 P.2d 612 (1934). Section (B) of Rule 115 permits the incorporation of the language of a statute by reference. See also Poole, 59 Ariz. at 46, 122 P.2d at 416.

"This reference in the information to the statute for a description of the offense charged is permissible under the statute. Subdivision (2), section 44–711. If,

therefore, the statute states an offense, the information, being in the language of the statute, is good."

§ 44–711 of the 1939 Code is the forerunner of Rule 115.

█ In our opinion the amended information in this case fully complies with the criminal rules, unless Arizona case law requires a different conclusion in those particular cases wherein the theft of personal property is involved.

## BILL OF PARTICULARS

Criminal Rule 116(A) provides for a bill of particulars and the Rule in part is as follows:

"A. When an indictment or information charges an offense in accordance with the provisions of Rule 115, but fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense * * *."

The information in Poole was supplemented by a bill of particulars. In State v. Benham, 58 Ariz. 129 at 133, 118 P.2d 91 at 93 (1941), the Arizona Supreme Court held:

"In view of the simplified forms of indictment and information under the new criminal procedure, bills of particulars assume an important place in criminal trials. What was formerly essential to allege in the indictment or information may now be supplied to a defendant in a bill of particulars."

A bill of particulars is provided for in Rule 116 of the Rules of Criminal Procedure.

█ It is our observation that the lack of specificity as to the property taken or its value in the information does not render the information void and that the bill of particulars, when requested, does not have the effect of amending the information then in question but merely supplements it. The element of time is covered by Criminal Rule 118 and the amended information here in question satisfies that rule.

## SPECIFICITY

Under Criminal Rule 121 the value of the personal property need not be alleged:

" * * * unless such allegation is necessary to charge the offense under Rule 115, * * *."

█ The statute cited in the amended information, in part, reads as follows:

"13–663. Degrees of theft

"A. 'Grand theft' is:

  *    *    *    *    *    *

"2. Theft of money or property from the person of another."

The first subsection of the above statute requires that the personal property be of a value of more than $100 to constitute grand theft, whereas there is no monetary value of property required in a theft from the person. In the proof of guilt of the offense of grand theft from the person the value of the personal property stolen is not a material element of the crime.

█ In State v. Little (Grand Theft), 104 Ariz. 479, 455 P.2d 453 (1969), the Arizona Supreme Court addressed itself again to the sufficiency of description problem. The form of the information [Rules 114 and 115] was discussed. The offense of grand theft was charged both by giving the statutory name of the crime and by reference to the applicable sections of the Arizona Revised Statutes. The Court held that the information stated an offense and:

"We hold that the information adequately informed the defendant of the charge against him. The above cases make it clear that the defendant's remedy in the instant case was by way of a request for a bill of particulars pursuant to Rule 116, supra." 104 Ariz. at 482, 455 P.2d at 456.

That case held that the information was a bar to a subsequent prosecution and that the burden was on the defendant to obtain via a bill of particulars any elaboration or specificity he may need to bar subsequent prosecution. That proposition is an expansion of State v. Cutshaw, 7 Ariz.App. 210, 437 P.2d 962 (1968). A bill of particulars,

the right to specificity under Article 2, § 24 of the Arizona Constitution, is waived if not exercised by a request under Rule 116.

## RECEIVING STOLEN PROPERTY

■ The offense charged is not that of receiving stolen property, which is a violation of A.R.S. § 13–621. In Arizona the case law on receiving stolen property has required specificity as to the property involved and so has enlarged the requirements of pleading above and beyond Criminal Rule 115. It is urged that we apply that case law rule to the instant case. Arizona's leading and often cited receiving stolen property case is State v. Kuhnley, 74 Ariz. 10, 242 P.2d 843 (1952). In State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962), a plea of guilty to an amended information charging the offense of receiving stolen property, which information lacked the Kuhnley specificity, was reversed for the reason that the amended information did not contain the required specificity. The Corvelo case and other cases make it clear that if an information is fatally defective and does not charge a public offense a plea of guilty thereto will not be permitted to stand on appeal. See also State v. Stewart, 3 Ariz.App. 178, 412 P.2d 860 (1966), and State v. Betts, 5 Ariz.App. 256, 425 P. 2d 444 (1967), both of which cases discuss the receiving stolen property situation.

As stated by Department Two, Arizona Court of Appeals, in State v. Christopher, 10 Ariz.App. 169 at 173, 457 P.2d 356 at 360:

"* * * the special requirements of description in cases of receiving stolen goods, if that is the holding of the cases cited, are based upon reasons unique to the crime itself. We hold that the information in this case adequately informed the defendant of the charges against him."

The Christopher Court cited Little, supra, with approval.

"We believe that the recent case of State v. Little, 104 Ariz. 479, 455 P.2d 453 (filed, June 11, 1969) sets forth the rules to be applied in burglary and grand theft cases. If the date, place, and general description of the items taken are given in the information it is sufficient. If more particularity is required, the defendant's remedy is to request a bill of particulars, pursuant to Rule 116, Rules of Criminal Procedure, 17 A.R.S." 10 Ariz.App. at 173, 457 P.2d at 360.

Christopher dealt with charges of burglary, grand theft and in the alternative, receiving stolen property.

## GRAND THEFT OF PERSONAL PROPERTY CASES

There is a thread of inference in some Arizona cases that the Kuhnley specificity rule may apply to informations charging the offense of grand theft of personal property. In our opinion these cases have not expressly decided this point. We refer to State v. Little, 104 Ariz. 479, 455 P.2d 453 (1969); State v. Lombardo, 104 Ariz. 598, 457 P.2d 275 (1969); State v. Robinson, 9 Ariz.App. 379, 452 P.2d 706 (1969); and State v. Garza, 15 Ariz.App. 147, 486 P.2d 827 (1971).

■ Possibly the case which most closely appears to apply the Kuhnley rule to grand theft charges is the case by this Court being State v. Rogers, 2 Ariz.App. 232, 407 P.2d 773 (1965). In Rogers the defendant urged the application of the Kuhnley specificity rule in relation to a grand theft information. The Attorney General conceded the correctness of the defendant's position and this Court agreed. The issue was not clearly presented to this Court and thus the issue was not squarely met by this Court. We now expressly disaffirm any implication in Rogers that specificity of description is an essential element to the validity of a grand theft information. We expressly hold that the Kuhnley specificity rule does not apply to informations charging the grand theft of personal property and we expressly uphold the validity of the information here in question. By this holding we do not disapprove the

practice often followed of specifically describing personal property in complaints and informations charging theft. Greater specificity than is found in the amended information which is the subject of this opinion might well be desirable.

## DOUBLE JEOPARDY

The defendant urges that without Kuhnley specificity the defendant is not in a position to plead double jeopardy in reliance upon his adjudication of guilt stemming from the amended information here in question. We do not agree. Criminal Rule 169 recognizes that one of the permissible grounds for a motion to quash an information is:

"(f) That the defendant has been convicted or in jeopardy of conviction or acquitted of the offense charged."

Criminal Rule 172 provides:

"Rule 172. Hearing of motion to quash

"The motion to quash shall be heard immediately on being made unless for good cause the court postpones the hearing."

▆▆ A.R.S. § 13–1592 and Criminal Rule 173 both recognize that issues of fact in relation to double jeopardy pleas are triable issues. Thus the proof of the defense of double jeopardy is not limited to the four corners of the information. This is recognized in Lombardo, supra, a grand theft case wherein our Supreme Court stated:

"Specifically, Lombardo's contention concerns the sufficiency of the description of the stolen property in the information.

\* \* \* \* \* \*

"In a bill of particulars information could have been disclosed by the state concerning the color and fabric of the suits as well as the manufacturers' and brand names. That information was fully developed at trial and the record will be available to Lombardo as a bar to any subsequent action which might be filed

against him for the same offense." 104 Ariz. at 599, 457 P.2d at 276.

The standards of sufficiency have been set forth by our Supreme Court in Suarez, supra:

"The test of the sufficiency of an information is whether in a subsequent prosecution for the unlawful act described in the information the defendant could plead the information as a bar. State v. Kuhnley, 74 Ariz. 10, 15, 242 P.2d 843 (1952). Furthermore, an information is sufficient if the offense is set forth in such a manner that a person of common understanding would know what was intended. State v. Terrell, 103 Ariz. 453, 445 P.2d 429 (1968)." 106 Ariz. at 64, 470 P.2d at 677.

This Court's opinion in Robinson, supra, a case involving grand theft, uses language which appears to state that the information must contain that degree of specificity which enables a defendant to plead double jeopardy based solely upon the content of the information. We quote a portion of the Robinson opinion:

"In order to be legally sufficient, an information must show four things: It must clearly indicate the crime charged; it must state the essential elements of the crime; it must adequately describe what acts and property are involved, so as to apprise the court of what acts and property are in question and to enable the defendant to prepare his defense to the charge; and it must be specific enough to enable the accused to plead the verdict in bar of a subsequent prosecution for the same unlawful act." 9 Ariz.App. at 382, 452 P.2d at 709.

In Robinson we sustained an information which was quite specific so we were not faced with the problem facing us in the case at bar.

▆▆ At no time did the defendant request a bill of particulars pursuant to Criminal Rule 116 of the Rules of Criminal Procedure, 17 A.R.S. In this case the

facts developed at the preliminary hearing are sufficient in and of themselves to form the basis of a double jeopardy plea. There is no attack upon the careful record made by the trial judge in the acceptance of the plea or in the entry of the judgment and sentence.

The record before us is more than adequate to enable the defendant to plead double jeopardy without the necessity of going outside the record to prove the facts contemplated by A.R.S. § 13–1592 and by Criminal Rule 173. Even in the absence of a preliminary hearing and in the absence of a request for a bill of particulars the information states a public offense.

The judgment of guilt and sentence are affirmed.

DONOFRIO and JACOBSON, JJ., concur.