HURWITZ, Justice,
dissenting in part and concurring in part.
¶ 25 The Court today holds that the indictment clause of the Arizona Constitution, Article II, Section 30, provides less protection to our citizens than the corresponding clause in the federal constitution. This is to my knowledge the first time that this Court has reached such a conclusion, and I cannot join it. Nonetheless, for the reasons I describe in Section II below, I would decline petitioner’s request for special action relief because he has an adequate remedy at law.
I.
¶ 26 Article II, Section 30 provides that “[n]o person shall be prosecuted criminally in any court of record for felony or misdemean- or, otherwise than by information or indictment.” The charging document, whether an indictment or information, provides the defendant with notice of the charges against him. It is therefore settled that the charging document must “state[] the essential elements of the alleged crime.” State v. Marquez, 127 Ariz. 98, 101, 618 P.2d 592, 595 (1980) (quoting State v. Suarez, 106 Ariz. 62, 64, 470 P.2d 675, 677 (1970)).
¶ 27 After Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), it can no longer be doubted that the aggravating circumstances required by Arizona law for the imposition of the death penalty are elements of the offense. Id. at 606-07, 122 S.Ct. 2428 (holding that Sixth Amendment right of jury trial applies when legislature *274 adds an “element” to a criminal offense in response to Supreme Court’s constitutional adjudication); id. at 609, 122 S.Ct. 2428 (characterizing aggravating factors as “the functional equivalent of an element of a greater offense”) (quoting Apprendi v. New Jersey, 530 U.S. 466, 494 n. 19, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)); Sattazahn v. Pennsylvania, 537 U.S. 101, 111, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003) (stating that “if the existence of any fact (other than a prior conviction) increases the maximum punishment that may be imposed on a defendant, that fact — no matter how the State labels it — constitutes an element”).
¶ 28 Because capital aggravating factors are elements of the offense for Sixth Amendment purposes, every federal court of appeals to have considered the issue has concluded that the Fifth Amendment requires that they be alleged in an indictment. See United States v. Lee, 374 F.3d 637, 650-51 (8th Cir.2004); United States v. Robinson, 367 F.3d 278, 284 (5th Cir.2004); United States v. Higgs, 353 F.3d 281, 298 (4th Cir.2003). The federal Department of Justice apparently agrees. After Ring, the Department sought superseding indictments in all pending capital cases setting forth the alleged aggravating circumstances that would make the defendant eligible for the death penalty. Robinson, 367 F.3d at 284 n. 6.
¶ 29 The majority correctly notes that the federal indictment clause does not apply to the states, and we therefore are not mandated by federal law to provide our citizens the same protections mandated by the Fifth Amendment. But as we noted only last year, while we are not bound by the federal courts’ interpretation of a federal constitutional clause similar to a clause in the Arizona Constitution, at the very least “those interpretations have great weight in accomplishing the desired uniformity between the clauses.” State v. Casey, 205 Ariz. 359, 362 ¶ 11, 71 P.3d 351, 354 (2003). More importantly, in construing our Constitution, we properly begin from the premise that federal constitutional law is “the benchmark of minimum constitutional protection.” Large v. Superior Court, 148 Ariz. 229, 235, 714 P.2d 399, 405 (1986). We have occasionally found our Constitution to provide broader protections to our citizens than afforded by analogous clauses in the federal document, e.g., Pool v. Superior Court, 139 Ariz. 98, 108, 677 P.2d 261, 271 (1984), but we have never interpreted the protections of our fundamental document as narrower than those in the national charter.
¶ 30 As several distinguished commentators have noted, there may often be compelling reasons to read provisions of the Arizona Constitution differently than their federal counterparts. See, e.g., Ruth V. McGregor, Recent Developments in Arizona State Constitutional Law, 35 Ariz. St. L.J. 265 (2003); Stanley G. Feldman and David L. Abney, The Double Security of Federalism: Protecting Individual Liberty Under the Arizona Constitution, 20 Ariz. St. L.J. 115 (1988). But no such reasons are present here. The pertinent language in the Fifth Amendment is analytically indistinguishable from the language in Article II, Section 30. Nor is there any suggestion that the framers of the state constitution believed that the scope of the Arizona provision differed in any material way from the federal. For these reasons, our previous decisions have generally relied upon federal jurisprudence when explaining the Arizona indictment clause. See, e.g., Maretick v. Jarrett, 204 Ariz. 194, 197 ¶ 8, 62 P.3d 120, 123 (2003) (quoting Wood v. Georgia, 370 U.S. 375, 390, 82 S.Ct. 1364, 8 L.Ed.2d 569 (1962) in describing the purposes of a grand jury).
¶ 31 The Court’s conclusion today that Article II, Section 30 is not congruent with the Fifth Amendment rests entirely on the notion that the notice of alleged aggravating circumstances provided to defendants under Arizona Rule of Criminal Procedure 15.1(i)(1) satisfies due process requirements. See Ariz. R.Crim. P. 13.5(e) (providing that the filing of such a list amends the charging document). I do not doubt that the list of aggravating circumstances, which must be served on the defendant no later than sixty days after arraignment in superior court, provides the defendant with ample notice of these elements for due process purposes. Our indictment clause, however, was intended not only to provide a defendant with *275 notice of the charges, but also to ensure that a neutral intermediary — a grand jury comprised of ordinary citizens — finds that probable cause exists before the State can bring charges. See State v. Baumann, 125 Ariz. 404, 408, 610 P.2d 38, 42 (1980); State v. Superior Court (Mauro), 139 Ariz. 422, 424, 678 P.2d 1386, 1388 (1984). Arizona grand juries, like their federal counterparts, were thus designed to act as a “vital check against the wrongful exercise of power by the State and its prosecutors.” Campbell v. Louisiana, 523 U.S. 392, 399, 118 S.Ct. 1419, 140 L.Ed.2d 551 (1998).[5] See Maretick, 204 Ariz. at 197 ¶ 8, 62 P.3d at 123 (describing grand jury as “serv[ing] the invaluable function in our society of standing between the accuser and the accused”).
¶ 32 Under today’s decision, this constitutional protection is effectively eviscerated. The Court has interpreted our Constitution as allowing the State, and the State alone, to decide whether there is probable cause to charge the aggravating circumstances that put a defendant in peril of capital punishment. We would not countenance such a result in other areas. For example, it is unthinkable that we would allow the State, after obtaining from a grand jury an indictment charging a defendant with simple assault, to unilaterally amend the indictment to allege aggravated assault. Yet that is what Rules 15.1(i)(1) and 13.5(c) allow; they permit the State alone to decide that there is probable cause to add an element to a charge of first-degree murder so as to expose a defendant to an aggravated sentence.
¶ 33 There would be little cost to law enforcement if our Constitution, like its federal counterpart, were read to require that aggravating circumstances be part of the indictment issued by the grand jury. For pending cases, superseding indictments could be sought and obtained in accordance with the federal practice. For all cases already tried, any failure to have included the aggravating circumstances in the indictment is almost surely harmless error. A defendant who received the notice required by Rule 15.1(i)(1) or its predecessor will have had sufficient warning for due process purposes of the charges against him. And, after a jury of a defendant’s peers returns a verdict of conviction, thus finding all elements of the offense beyond a reasonable doubt, any failure to have submitted an element to the grand jury for a finding of probable cause is perforce harmless error. United States v. Mechanik, 475 U.S. 66, 73, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986).
¶ 34 In short, there is no warrant, either in settled doctrines of constitutional interpretation or in practical terms, for the Court’s conclusion today that Article II, Section 30 has less content than the Fifth Amendment to the United States Constitution. Because I cannot subscribe to the premise that the Arizona Constitution is not at least as generous in its protections of individual rights as the federal constitution, I cannot join the Court’s opinion.
II.
¶ 35 The case today before us arrives by way of a petition for special action. “The special action requests extraordinary relief, and acceptance of jurisdiction of a special action is highly discretionary with the court to which the application is made.” State Bar Committee Note, Ariz. R.P. Spec. Act. 3. Before granting such extraordinary relief, we should be satisfied that the petitioner has no other equally adequate and speedy remedy. Ariz. R.P. Spec. Act. 1(a); Twin City Fire Ins. Co. v. Burke, 204 Ariz. 251, 252 ¶ 3, 63 P.3d 282, 283 (2003).
¶ 36 In this ease, petitioner has such a remedy. As the Court accurately holds, he cannot complain that he has not received sufficient notice for due process purposes of the alleged aggravating circumstances. His *276 real complaint, as I note above, is that the State has alleged these elements of the offense without a finding of probable cause by the grand jury. Rule 13.5(c), however, gives the defendant an ample remedy for that oversight: he may, through the vehicle of a pre-trial Rule 16 motion, “challenge the legal sufficiency of an alleged aggravating circumstance.”
¶ 37 Under the Rule 13.5(c) procedure, a defendant claiming that there was no probable cause to support an alleged aggravator alleged under Rule 15.1(i)(1) is entitled to a determination by a neutral magistrate — a superior court judge — of the “legal sufficiency” of that aggravator.[6] By filing a motion under Rule 13.5(c), a defendant can obtain protection against arbitrary state action equivalent to that which he would have received had the State submitted the aggravator to a grand jury, and identical to that which he would have received had the State chosen to proceed by way of information alleging the aggravating circumstances.
¶ 38 Because petitioner’s trial has not yet commenced, he may still file a motion “pursuant to Rule 16” if he wishes a neutral determination as to whether the aggravating circumstances alleged by the State are based upon probable cause. Given the availability of this remedy, I concur in the Court’s judgment insofar as it denies petitioner special action relief.
CONCURRING: MICHAEL D. RYAN, Justice.

. The State may, of course, choose to proceed under Article II, Section 30 by way of information rather than indictment. But if it does so, the defendant has the right to a preliminary hearing, where a neutral magistrate will determine if there is probable cause to proceed. See Ariz. R.Crim. P. 5.4(a); State v. Superior Court (Atwood), 103 Ariz. 369, 372, 442 P.2d 113, 116 (1968); State v. Neese, 126 Ariz. 499, 502-03, 616 P.2d 959, 962-63 (App.1980) ("The purpose of a preliminary hearing and a grand jury proceeding is the same. They are to determine whether there is probable cause to believe the individual committed an offense.").

. It is technically possible to read Rule 13.5(c) as limiting the defendant to a claim that the alleged aggravating circumstance was not listed under A.R.S. § 13-703(F) and is thus facially legally insufficient. That reading, however, is inconsistent with the notion, set forth in the comment to the Rule, that a defendant’s rights to challenge the aggravating circumstances alleged are waived if not raised before trial. Surely this Court would not countenance the execution of a defendant based on an aggravating circumstance not listed in § 13-703(F). The Rule therefore must pertain to more than facial "legal sufficiency,” i.e., the probable cause for the allegation of the aggravator.