STATE of Minnesota, Respondent,

v.

Lance Gerald MILLIMAN, Appellant.

No. C4–82–1317.

Supreme Court of Minnesota.

March 23, 1984.

C. Paul Jones, State Public Defender, Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka County Atty., and Richard A. Trachy, Asst. County Atty., Anoka, for respondent.

YETKA, Justice.

Defendant was charged by complaint with theft over $150 by fraudulently obtaining welfare assistance, Minn.Stat. §§ 256.98 and 609.52, subd. 3(2) (1982). He waived his right to a jury trial and was found guilty by the trial court. The trial court sentenced defendant to 14 months in prison, but stayed execution of the sentence and placed defendant on probation for 5 years, conditioned on his serving 6 months in jail and performing 100 hours of community service. The trial court stayed the jail term and the community service pending this appeal. We affirm.

In 1981, an investigator with the Anoka County Attorney's office obtained a search warrant to search the residence of defendant's wife for evidence tending to show that defendant was residing there, evidence which in turn would establish that the wife was unlawfully receiving benefits under the AFDC Absent Parent Program. In fact, defendant was residing there and among the items seized were some papers of defendant, which apparently were commingled with papers of the wife. The officers seized these papers. Later, while sorting through the papers, an officer found two so-called W–2 forms of defendant for 1979. Remembering that defendant had received benefits under the AFDC Disabled Parent Program in 1979, the officer began a separate investigation to determine if defendant had unlawfully obtained assistance in 1979. Using a grand jury subpoena, the investigator obtained bank and employment records of defendant. At defendant's

trial, a bank employee and a trucking company employee testified to defendant's banking and employment activities in 1979.

Defendant's first contention on appeal, that the evidence of his guilt was legally insufficient, is without merit. The record sufficiently established that defendant fraudulently received benefits under the Disabled Parent Program when he was not only able to work, but, in fact, was self-employed as a trucker.

Defendant also contends that it was improper for the county attorney's office to use grand jury subpoenas to obtain his bank and employment records because the prosecutor had no intent to and did not present the case before the grand jury. We do not address this issue in this case. We are satisfied that defendant had no reasonable expectation of privacy in the records in question. *See United States v. Miller*, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). Therefore, he does not have a constitutional interest in the records that would entitle him to challenge the subpoenas. In any event, it is clear that the information contained in the records would have been obtained by other means and used against defendant at his trial.[1]

Defendant's final contention is that the search warrant was overbroad and/or that the officers executing the warrant exceeded its scope in seizing all the personal papers of defendant and his wife from their bedroom. We are not asked to, and do not, address the controversial issue of the search and seizure of private papers such as personal diaries. A person's W–2 forms are not the sort of private papers that some commentators contend should be absolutely precluded from being the object of a search. Thus, the warrant was proper with respect to the forms and the officers were justified in seizing them if it can be said that the forms were relevant evidence tending to show that defendant was residing in the house. Since people normally keep such tax records at their place of residence, the forms were relevant evi-

dence that defendant was residing in the house. The fact that the officers may have seized more than they should have—which we do not decide—would not require the suppression of the forms or other items properly searched for and seized. As stated in *State v. Monsrud*, 337 N.W.2d 652, 661 (Minn.1983), "[O]nly those items seized which are beyond the permissible scope of the warrant are subject to suppression."

In conclusion, we believe that defendant received a fair trial and that the evidence was sufficient to support his conviction.

Affirmed.

---

**1.** The subject of release of bank records is now covered by Minn.Stat. Ch. 13A (1983 Supp.).