Lance Gerald MILLIMAN,
Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C9–84–1446.

Court of Appeals of Minnesota.

Nov. 6, 1984.

C. Paul Jones, State Public Defender, Mollie G. Raskind, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka County Atty., Michael Roith, Asst. County Atty., Anoka, for respondent.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

Appellant pleaded guilty to receiving and concealing stolen property in 1979 and was placed on probation for five years. In January 1982, a revocation hearing was held. Probation was reinstated with the added condition appellant serve six months in Anoka County jail. Appellant served four days and was discharged from serving anymore jail time.

On August 12, 1982, appellant was sentenced to fourteen months in prison for wrongfully obtaining welfare assistance. Execution was stayed, and appellant was placed on probation with six months jail time a condition of probation. Sentence was stayed pending an appeal to the Minnesota Supreme Court.

Appellant was convicted of misdemeanor assault in 1983. He was sentenced to 90 days in jail and served 75 days from August 30, 1983 to November 12, 1983. A second probation revocation was held in September 1983 on appellant's 1979 offense. Probation was again reinstated with the added condition appellant serve six months in the county jail consecutive to the jail time for the assault conviction. Appellant served 82 days and was released on February 10, 1984.

On March 23, 1984, the Minnesota Supreme Court affirmed appellant's conviction for wrongfully obtaining assistance. *See State v. Milliman*, 346 N.W.2d 128 (Minn.1984). Appellant then filed a pro se petition for post-conviction relief. He contended the six month jail sentence for wrongfully obtaining welfare assistance should be cancelled or imposed concurrently with jail time served on his other offenses. He already had served about 160 days in jail. The post-conviction court denied the petition and appellant appealed.

### DECISION

The Minnesota Sentencing Guidelines do not relate to the conditions of stayed sen-

tences. Minnesota Sentencing Guidelines III.A.2. Neither-equity nor "fairness" requires that a defendant sent to jail as a condition of probation for a felony be given jail credit for time previously served on an unrelated probation revocation or an unrelated misdemeanor.

Appellant began serving his present six month sentence on July 2, 1984. If appellant maintains good behavior, his expected release date is November 28, 1984. We believe it unnecessary to consider reducing appellant's sentence for good time under Minn.Stat. § 631.425, subd. 6 (1982). Appellant's presumptive sentence for wrongfully obtaining assistance was reduced effective November 1, 1983 from fourteen to thirteen months, however, and appellant is entitled to this reduction.

Affirmed.