THE STATE on the relation of GRISWOLD *v.* DUNN.

A bank cannot sue the auditor of state and his sureties, upon his official bond, to recover stocks deposited with him as security for the redemption of its issues, &c., nor for their value, without showing that the object for which they were deposited is accomplished.

Thus, the stocks are for the benefit of the creditors of the bank, and if the officer with whom they are deposited converts them to his own use, or diverts them from the purpose for which they were deposited, the remedy upon his bond is for the benefit of such creditors; and the bank cannot sue for the stocks, or for damages upon the bond, until it has no creditors.

But the successor of such delinquent officer, being charged with the duty of his predecessor, may sue to recover the means wherewith to discharge that duty.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—Suit by the state on the relation of *William D. Griswold*, president of the *Great Western Bank*, on the official bond of *John P. Dunn*, late auditor of state, against him and his sureties.

The complaint alleged that *Dunn* had converted to his own use, certain bonds deposited by the bank, pursuant to the general banking law, as security for the redemption of her notes, but contained no averment that the bank had retired her circulation, and no denial that *Dunn* had redeemed it. Indeed, it contained no statement as to the condition of the bank, or its circulation.

The Court sustained a demurrer to the complaint, because it did not show that the bank had been injured, or had any direct pecuniary interest in the suit; and there was final judgment for the defendants.

The plaintiff contends that the Court erred in sustaining the demurrer, inasmuch as the conversion of the securities by *Dunn* was a breach of his bond, for which he must be liable to at least nominal damages.

But admit this to be true, the question still occurs, to whom is he liable? Because a public officer has been guilty of a breach of duty, it does not follow that any or every citizen of the state may sue him for nominal damages.

The general banking law provides that the stocks depo-

*Saturday, May 29.*

sited as security for the redemption of circulation, shall be held by the officer exclusively for that purpose, till it is accomplished, and then, perhaps, for the security of depositors, &c. Laws of 1855, pp. 26, 36, §§ 13, 13.

The bank, then, cannot sue to recover possession of the stocks, without showing that the object for which they were deposited has been accomplished. Nor can it sue to recover the value of those stocks. The stocks are for the benefit of the creditors of the bank; and if the officer with whom they are deposited converts them to his own use, or diverts them from the purpose for which they were deposited, is not the remedy upon the bond of the officer equally for their benefit, so long as such creditors exist? It would seem that it must be so. If the bank cannot sue for the stocks till it has no creditors, how can it sooner proceed to recover, for its own use, upon the bond of the officer for their conversion?

The successor of the delinquent officer, it should be remarked, being charged with the duty of his predecessor, undoubtedly, might sue to recover the means with which to discharge the duty.

The spirit of the whole act points to the course we have indicated. Thus, section 9 provides that the bank, in the first instance, shall redeem its notes; that on its refusal so to do, the notes shall be protested; that thereupon the auditor shall notify the bank to pay them, and, it failing to immediately do so, that the auditor shall proceed and redeem them out of the proceeds of the bonds deposited; and by section 55, that officer is made liable to an action on his bond for a failure to discharge his duty, which suit may be brought on the relation, and for the use of any person injured.

We think the complaint in this case does not show that the bank had been injured at the time the suit was brought.

*Per Curiam.*—The judgment is affirmed with costs.

*D. M'Donald*, for the state.

*J. Morrison* and *C. A. Ray*, for the appellees.