STATE v. MITCHELL SCHWARTZ, ALIAS MITCH GORDON.[1]

June 25, 1943.

No. 33,461.

*Neil Hughes, Don Morgan, Paul Fisch,* and *John Ott,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Ralph A. Stone,* Assistant Attorney General, *Michael J. Dillon,* County Attorney, and *Al L. Dretchko* and *Per M. Larson,* Assistant County Attorneys, for the State.

PETERSON, JUSTICE.

Defendant was convicted of the crime of sodomy alleged to have been committed on a 17-year-old girl by inserting his penis into

[1]Reported in 10 N. W. (2d) 370.

her mouth. He contends that the girl was an accomplice and that her testimony is uncorroborated. The state contends that, because the girl was under the age of consent, she was not an accomplice and consequently that corroboration was unnecessary, and that in any event her testimony was amply corroborated.

Sodomy is defined by Minn. St. 1941, § 617.14 (Mason St. 1927, § 10183), as follows:

"A person who carnally knows in any manner any animal or bird, or carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge; or attempts sexual intercourse with a dead body, is guilty of sodomy, and is punishable with imprisonment in the state prison for not more than 20 years, and any sexual penetration, however slight, shall be sufficient to complete the crime."

The present statute was adopted in 1921. L. 1921, c. 224, § 1. Prior to that time the crime was defined simply as "the crime against nature." R. L. 1905, § 4950, as amended by L. 1909, c. 270, § 1.

At the time § 617.14 (§ 10183) was enacted, § 617.02 (§ 10125), making it a crime to "carnally know and abuse any female child under the age of eighteen years," was in full force, as it had been ever since the organization of the territory. State v. Rollins, 80 Minn. 216, 83 N. W. 141. The purpose of the carnal knowledge statute, as it is called, is to protect young womanhood by rendering girls under the statutory age incapable in law of consenting to sexual intercourse and by making such intercourse criminal regardless of consent. State v. McPadden, 150 Minn. 62, 184 N. W. 568. A girl under the statutory age, being incapable of legal consent, cannot be an accomplice in the crime of carnal knowledge committed upon her. State v. Dahl, 151 Minn. 318, 186 N. W. 580.

A person upon whom the crime of sodomy is committed is not an accomplice of the perpetrator unless he consents to the act. One who is incapable of consenting cannot be an accomplice. Means v. State, 125 Wis. 650, 104 N. W. 815. Hence, if the girl in

the instant case was incapable of consenting, she was not an accomplice.

The language of the sodomy statute after the 1921 amendment referring to the criminal sexual act is almost identical with that of the carnal knowledge statute in force at the time of its adoption. The language of the latter is "carnally know and abuse"; that of the former, "carnally knows." The carnal knowledge statute refers to acts of sexual intercourse in a normal manner. In its generally accepted meaning, "carnal knowledge" signifies sexual intercourse. Sodomy involves abnormal and perverted sexual relationship. Both carnal knowledge and sodomy involve carnal knowledge of the victim. People v. Battilana, 52 Cal. App. (2d) 685, 126 P. (2d) 923.

It is a reasonable inference that the legislature intended to withhold from females under the statutory age of consent the power of consent to all forms of carnal knowledge of their persons. The policy of denying girls under the statutory age the power to consent has been held applicable not only to the crime of carnal knowledge, but to other crimes involving the commission of carnal knowledge, such as incest. State v. Pelser, 182 Iowa 1, 163 N. W. 600; 31 C. J., Incest, p. 387, § 47; 27 Am. Jur., Incest, p. 299, § 19. The sexual acts involved in the crime of sodomy differ from those in the crime of carnal knowledge and incest, but the same reasons obtain for withholding from a girl under the statutory age the power to consent. The use of the words *carnally know* in both the sodomy and carnal knowledge statutes shows that the legislature regarded both crimes as involving different kinds of carnal knowledge. In the carnal knowledge statute the female's power to consent is confined to normal sexual intercourse, because such acts constitute its only subject matter. In the sodomy act the words "carnal knowledge" are used in connection with other language to comprehend unnatural sexual acts. The difference is that the need for protecting young girls is greater in cases of sodomy because the acts involved are more depraved and degrading. Legislative intention to afford such protection may be inferred from the fact that, having withheld from females under the statutory age the power to consent to carnal

knowledge of their persons in one form, it is reasonable to believe that the use of the same words in a later statute carried with it a denial of the power to consent to carnal knowledge in a more aggravated, depraved, and degrading form. In that view, the prosecutrix was legally incapable of consenting to the acts committed upon her.

The case of People v. McCollum, 214 Cal. 601, 7 P. (2d) 301, holds that a girl 16 years old consenting to the commission of sodomy upon her is an accomplice and that corroboration of her testimony is required. The point whether a girl under statutory age could consent to the commission of sodomy upon her was not raised or considered. The case is not in point.

The case of State v. Panetti, 203 Minn. 150, 280 N. W. 181, involved the commission of sodomy upon a 16-year-old boy. The boy was held to be an accomplice because he consented to the act. Hence corroboration of his testimony was required. The statute has not withheld from boys the power to consent as it has from girls. Hence the cited case is not in point.

Affirmed with directions to execute the sentence pronounced.