**STATE of Minnesota, Respondent,**

v.

**Vernon Harold LANGAAS, Appellant.**

**No. C1–87–1892.**

Court of Appeals of Minnesota.

July 19, 1988.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey S. Bilcik, Sp. Asst. Atty. Gen., St. Paul, Martin Berg, Roseau Co. Atty., Roseau, for respondent.

Douglas W. Hughes, Roseau, for appellant.

Heard, considered and decided by PARKER, P.J., and NORTON and KALITOWSKI, JJ.

## OPINION

NORTON, Judge.

Vernon Langaas appeals his convictions for violating Minn.Stat. § 169.80, overwide vehicle; Minn.Stat. § 169.862, transporting bales of hay without a permit; Minn.Stat. § 168.09, no Minnesota registration; Minn. Stat. § 169.79, failure to display number plates/no registration; Minn.Stat. § 169.70, improper rearview mirrors; claiming, in part, that the evidence is not sufficient to support his convictions. We affirm in part and reverse in part.

## FACTS

On April 21, 1987, Vernon Langaas was stopped by four Minnesota State Patrol troopers while transporting a load of hay to his farm near Greenbush, in Roseau County. Langaas was using a Ford tandem axle truck with a rack, consisting of nine beams with chains running along the top of the beams, attached to the truck. The truck was adapted for the sole purpose of transporting round hay bales. Langaas' load of hay was eighteen feet five inches wide. The surface of the two lane divided highway is twenty-four feet wide.

The facts are not in dispute by the parties; the only questions are whether Langaas' vehicle is an implement of husbandry, or whether the state sustained its burden of proof in showing that Langaas was not exempt from the motor vehicle provisions.

At trial on August 3, 1987, Langaas appeared *pro se* and the case was tried without a jury. Three troopers testified that Langaas' vehicle was not in compliance with the motor vehicle code. Officer Hagen testified that he determined the vehicle

was not an implement of husbandry based upon an attorney general's opinion regarding this vehicle. Trooper Baker testified that he was not sure if the vehicle was an implement of husbandry until he was aware of the same attorney general opinion. Officer Spaeth offered no testimony on whether the vehicle was an implement of husbandry, but did state that it was equipped with a special device which holds bales.

Langaas' sole defense was that the vehicle was an implement of husbandry as defined in Minn.Stat. § 169.01, subd. 55 (1986). To support his contention, Langaas offered into evidence a 1979 Roseau County speeding violation involving the same vehicle. This vehicle was tagged as going forty-five miles an hour in a fifty-five mile an hour zone; implements of husbandry are allowed to go only thirty miles per hour. Langaas also offered into evidence a 1983 Kittson County speeding charge with this same vehicle. Langaas was guilty of speeding in both of these cases, due to the fact that this vehicle was considered an implement of husbandry.

Langaas also offered into evidence a 1985 Kittson County finding of fact and conclusion of law and judgment regarding motor vehicle code violations concerning this vehicle. The trial court, in 1985, found that the vehicle was an implement of husbandry, and therefore Langaas was not guilty of the two charged violations. Langaas also offered into evidence a series of 1977 letters from the Roseau County attorney to the attorney general's office concerning whether this vehicle was an implement of husbandry. The county attorney, in a letter to the state highway patrol, stated that he would not prosecute any motor vehicle violations on this vehicle, due to the fact that the attorney general in 1977 stated that there could be a good case for this vehicle to be an implement of husbandry. At the 1987 trial, the trial judge took judicial notice of these prior proceedings, all of which were before him.

Langaas additionally offered into evidence several photographs of this vehicle taken in 1985, showing that this vehicle had

not changed since the previous court determination.

The state offered no rebuttal evidence to show that Langaas' vehicle is not an implement of husbandry, or that the vehicle did not fit an exception to the statutes in some other manner.

The trial court found that Langaas' vehicle is not an implement of husbandry and found Langaas guilty of all charges.

## ISSUE

Is the evidence sufficient to prove that appellant's vehicle is not an implement of husbandry, and therefore not exempt from compliance with the state motor vehicle code?

## ANALYSIS

Langaas argues that the evidence is not sufficient to support his convictions. The Minnesota Supreme Court has set a standard of review for sufficiency of the evidence challenges in criminal cases heard before a court.

This court, in reviewing the sufficiency of the evidence in criminal cases, will apply the same standard of review to cases heard before a court without a jury as is applied to those heard by a jury. Accordingly, this court will uphold the district court's finding if, based on the evidence contained in the record, the district court could reasonably have found defendant guilty of the crime charged. Moreover, in making this determination the court must view the evidence in a manner most favorable to the state and assume that the district court disbelieved contradictory testimony.

*State v. Cox*, 278 N.W.2d 62, 65 (Minn. 1979) (citations omitted).

At trial, Langaas admitted that he did not meet the requirements of the statute on each of the five counts charged. Langaas then raised the affirmative defense that his vehicle was an implement of husbandry.

An implement of husbandry is defined as:

every vehicle designed and adapted exclusively for agricultural, horticultural, or livestock raising operations or for lifting or carrying an implement of husbandry and in either case not subject to registration if used upon the highways.

Minn.Stat. § 169.01, subd. 55 (1986).

Implements of husbandry are exempt from the statutory requirements in Minn. Stat. § 169.80 (1986) (overwide vehicle), and Minn.Stat. § 169.862 (1986) (transportation of hay bales without a special permit). Minn.Stat. § 168.09 (1986) requires that motor vehicles be registered, and Minn. Stat. § 169.79 (1986) provides that vehicles are to display number plates. However, Minn.Stat. § 168.012, subd. 2 (1986) exempts implements of husbandry from motor vehicle registration and thereby also exempts them from the number plates requirements. But, implements of husbandry are not exempt from Minn.Stat. § 169.70 (1986) (proper mirror).

The trial court made the following findings of fact regarding Langaas' vehicle as an implement of husbandry:

1. The defendant Vernon Harold Langaas is the owner of a Ford tandem truck. He had a bed or rack constructed for this truck which consisted of nine (9) beams with chains running along the top of said beams and then the whole unit was adapted to fit on the tandem axle truck bed.

2. The defendant uses the truck to transport baled hay from the hay fields to the farm.

\* \* \* \* \* \*

8. The vehicle is not an implement of husbandry even though it is used only to transport baled hay.

In its memorandum of law, the trial court stated that the truck was designed for other nonagricultural purposes, and could be used for many purposes. The trial court also took judicial notice of the three prior appearances before the same trial court judge. The trial court relied on evidence in these prior records to help it make the decision in this case. The trial court stated:

In all of the previous cases, the same vehicle was involved. The court points out that this vehicle is used at least in a radius of over 25 miles from Greenbush, Minn., defendant's residence. The court recalls that on the occurrence of December 3, 1984, the defendant was hauling baled hay to the farm of Roger Thompson, near Lake Bronson, Minn., for Roger Thompson's sheep. The court recites the above so as to show that the defendant has a commercial operation. He uses the vehicle in this operation.

■ If a vehicle is an "implement of husbandry," it is exempted from complying with certain statutory provisions. When there is an exception to a statutory provision, a criminal defendant has the burden of establishing a prima facie case for this defense, after the state has carried its burden in showing that the statute has been violated. *State v. Paige*, 256 N.W.2d 298, 304 (Minn.1977). Once the defendant has come forward with sufficient evidence for the defense, the overall presumption of innocence operates to shift the burden back onto the state to prove the contrary beyond a reasonable doubt. *Id; State v. Brechon*, 352 N.W.2d 745, 749 (Minn.1984).

■ When Langaas raised the affirmative defense that his vehicle was an implement of husbandry, the trial court accepted into evidence, with out objection by the state, the tab charge in 1979 for speeding as an implement of husbandry; the 1983 charge for speeding as an implement of husbandry; the 1985 finding of fact that his vehicle was an implement of husbandry; and photographs of the vehicle. Langaas adequately met his burden of asserting his affirmative defense that his vehicle was exempt from complying with the statutory provisions. The state was then required to offer rebuttal evidence to establish, beyond a reasonable doubt, that Langaas' vehicle is not an implement of husbandry and not exempt from complying with the motor vehicle code.

By failing to offer any rebuttal evidence that Langaas' vehicle does not fit the statutory exemptions from the motor vehicle code, the state failed to carry its burden of

proof. The state did not offer any evidence that the vehicle was not designed and adapted exclusively for agricultural purposes, that Langaas regularly used the vehicle for purposes other than his own agricultural needs, or that the vehicle was used in an area greater than a twenty or fifty mile radius. The trial court merely remembered such information from Langaas' prior appearances before the court. The trial court improperly considered evidence which was not presented by the state in this case.

The state failed to prove beyond a reasonable doubt that Langaas' vehicle is not an implement of husbandry, after Langaas had asserted this defense. Because Minn. Stat. § 169.70 does not exempt implements of husbandry from complying with its provisions, Langaas' conviction and fine pursuant to that section is affirmed. Langaas' convictions pursuant to the other statute sections are reversed.

Because we reverse Langaas' convictions based on insufficiency of the evidence, we need not address the other issues raised on this appeal. However, we do note that for several years the state has considered and indeed lead Langaas to believe that this vehicle is an implement of husbandry. The state has prosecuted Langaas for use of this vehicle in the past as an implement of husbandry and now as a regular motor vehicle.

### DECISION

The state did not sustain its burden of proof in showing that defendant's vehicle is not an implement of husbandry and therefore not exempt from compliance with the statute.

Affirmed in part, reversed in part.