**STATE of Minnesota, Respondent,**

v.

**Robert Walter BONYNGE, Appellant.**

**No. C6–89–578.**

Court of Appeals of Minnesota.

Jan. 9, 1990.

Review Denied Feb. 21, 1990.

Hubert H. Humphrey, III, Atty. Gen., Marsh J. Halberg, Edina Pros. Atty., Thomsen, Nybeck, Johnson, Bouquet, Vanvalkenburg, Ohnstead & Smith, P.A., Edina, for respondent.

Randall D.B. Tigue, Minneapolis, for appellant.

Heard, considered, and decided by WOZNIAK, C.J., and PARKER and CRIPPEN, JJ.

## OPINION

WOZNIAK, Chief Judge.

Appellant challenges his conviction for one count of bestiality and four counts of aiding and abetting bestiality. Appellant argues first that the videotapes admitted into evidence were seized in violation of his first, fourth, and fourteenth amendment rights. Appellant also contends that the evidence at trial was insufficient to support his conviction of bestiality under Minn.Stat. § 609.294 (1988). We affirm.

## FACTS

In June 1988, a police officer received information from a confidential, reliable informant. The informant stated that, while at appellant's residence on several occasions, the informant had observed a film depicting a sixteen-year-old girl engaged in sex with a Rottweiler dog.

The officer applied for a search warrant for appellant's residence. The affidavit accompanying the application reiterated the information received from the informant and stated that the officer sought the search warrant "to seize any film involving child pornography and bestiality." The warrant, dated June 15, 1988, permitted seizure of the following:

> Pornography films involving female juveniles and a Rottweiler dog and any other contraban [sic] which would violate the new Mn. State Statute governing the pornography laws. Any filming equipment and duplicating equipment.

On June 16, 1988, the police executed the search warrant at appellant's residence. A police lieutenant observed the Rottweiler dog on the premises and numerous video cassettes, 8 millimeter movies, photographs, and magazines depicting sexual scenes involving young females, possibly juveniles. The officers seized hundreds of films and photographs, including several commercial videotapes of popular motion pictures. The officer stated that it was his experience that "obscene material is planted in the middle of what appears to be a commercial tape to make it difficult to locate."

In July 1988, appellant moved to suppress and return the videotapes seized pursuant to the search warrant. The trial court denied the motion, holding that the warrant was not deficient for want of particularity. The court concluded that "the purpose of the search was to locate material violative of the Minnesota Statutes governing the production and distribution of child pornography and bestiality." The trial court found that language regarding the obscenity statute was included to ensure that if such material were incidentally seized, it would not be subject to suppression. This was appealed.

Prior to this court's ruling on the appeal, appellant was charged with five counts of gross misdemeanor bestiality in violation of Minn.Stat. § 609.294 (1988). This court then dismissed the appeal on October 18, 1988 because the trial court's order was not appealable. *See Bonynge v. City of Min-*

*neapolis,* 430 N.W.2d 265 (Minn.Ct.App. 1988).

In January 1989, the trial court denied appellant's motion to dismiss the charges against him. Among other things, the trial court held that:

acts of masturbating a dog, acts of performing oral sex on a dog, and vaginal penetration of a human being by a dog fall within the ambit of "carnally know[ing]" an animal under Minn.Stat. § 609.294.

On February 14, 1989, the matter was tried to the court on stipulated facts. At that time, appellant renewed his motion to suppress and the court denied the motion. Among other things, the parties stipulated to the following facts:

7. The videotapes were filmed by the Defendant at the Defendant's home * * *.

8. The voice heard on the videotapes, other than that of the female individuals, is that of the Defendant.

   *     *     *     *     *     *

12. That all of the videotapes show sexual penetration of the dog's penis into the women's vaginas, the women sucking the dog's penis and masturbation of the dog's penis by the women.

13. In the videotape, GVL–200, the Defendant masturbates the dog's penis for the dog to have an erection.

   *     *     *     *     *     *

16. All females depicted in the videotapes in question were age eighteen or older at the time the videotapes were made.

Appellant reserved the right to challenge the admissibility of the videotapes and the applicability of Minn.Stat. § 609.294 to the actions committed by himself and the women. The trial court adopted the stipulation and found appellant guilty of all five counts.

## ISSUES

1. Were the videotapes seized in violation of appellant's first, fourth, and fourteenth amendment rights?

a. Was the warrant of insufficient particularity to authorize seizure of the videotapes?

b. Was the warrant issued without a sufficient showing of probable cause?

c. Was the warrant invalid because appellant was not given a prior adversary hearing?

d. Does the action of the police in seizing every videotape and film at appellant's residence require suppression of the videotapes in evidence here?

2. Is the evidence sufficient to sustain appellant's conviction?

## ANALYSIS

1. A trial court's admission of physical evidence will be upheld unless it constitutes an abuse of discretion. *State v. Daniels,* 361 N.W.2d 819, 827 (Minn.1985). A defendant claiming that the trial court erred in admitting evidence has the burden of showing both the error and the prejudice resulting from the error. *State v. Darveaux,* 318 N.W.2d 44, 48 (Minn.1982) (citation omitted).

Appellant claims that the seizure of the videotapes violated his first, fourth, and fourteenth amendment rights. The fourth amendment gives individuals the right to be free from unreasonable search and seizure and declares that warrants shall "particularly describ[e] the place to be searched and the person or things to be seized." U.S. Const. amend. IV; Minn. Const. art. I, § 10. The particularity requirement was intended to invalidate general searches and ensure that "nothing is left to the discretion of the officer executing the warrant." *Marron v. United States,* 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927).

A special situation exists when books, films, or photographs are to be seized. Seizure of these materials on the basis of content implicates first amendment considerations. *New York v. P.J. Video, Inc.,* 475 U.S. 868, 873, 106 S.Ct. 1610, 1614, 89 L.Ed.2d 871 (1986). While obscenity and child pornography fall *outside* the protection of the first amendment, the United States Supreme Court has set stan-

dards for regulating them. *See Miller v. California,* 413 U.S. 15, 23–24, 93 S.Ct. 2607, 2614–2615, 37 L.Ed.2d 419 (1973); *New York v. Ferber,* 458 U.S. 747, 763–64, 102 S.Ct. 3348, 3357–58, 73 L.Ed.2d 1113 (1982). These standards are codified in Minn.Stat. § 617.241, subd. 1 (1988) and Minn.Stat. §§ 617.246–.247 (1988).

■ Generally, the difference in the constitutional standards for regulating obscenity and child pornography dictates the scope of permissible seizures under the fourth amendment and the particularity with which a warrant must describe the materials to be seized. The procedure required of law enforcement officials before obscenity may be seized must be designed to ensure that the magistrate can "focus searchingly on the question of obscenity." *Marcus v. Search Warrants of Property,* 367 U.S. 717, 732, 81 S.Ct. 1708, 1716, 6 L.Ed.2d 1127 (1961). Consequently, a reference merely to "obscene materials" in a warrant is insufficient, since warrants may not issue based on the conclusory assertions of a police officer that the materials are obscene. *Id.; Lee Art Theatre, Inc. v. Virginia,* 392 U.S. 636, 637, 88 S.Ct. 2103, 2104, 20 L.Ed.2d 1313 (1968).

■ On the other hand, references to the portrayal of sexual conduct specifically defined as child pornography require no expert training or experience on the part of the officer and are sufficient to limit the officer's discretion at the time of the seizure. *See United States v. Smith,* 795 F.2d 841, 848 n. 7 (9th Cir.1986), *cert. denied,* 481 U.S. 1032, 107 S.Ct. 1964, 95 L.Ed.2d 535 (1987); *United States v. Hurt,* 795 F.2d 765, 773 (9th Cir.1986), *as amended by* 808 F.2d 707, 708 (9th Cir.1987), *cert. denied,* 484 U.S. 816, 108 S.Ct. 69, 98 L.Ed.2d 33 (1987). Therefore, what is constitutionally acceptable for child pornography warrants may be insufficient to authorize seizure of obscenity.

■ a. Appellant contends that the section of the search warrant authorizing seizure of "pornography films involving female juveniles and a Rotweiller dog" only permitted the police to seize films which contained both juveniles and dogs. Since the parties stipulated that none of the tapes depict juveniles, appellant asserts that the tapes were not properly admitted into evidence.

There are two plausible interpretations of the warrant's authorization: either the warrant permits seizure of pornography films containing both juveniles and a dog within the same film or it authorizes seizure of pornography films containing either juveniles or dogs. Because either construction is reasonable, the trial court did not abuse its discretion in choosing the broader of the two interpretations. Moreover, in light of the application and affidavit, the warrant plainly was intended to permit seizure of films involving either child pornography or bestiality.

■ Traditionally, an affidavit cannot be used to clarify a defective or ambiguous description in a warrant, since the warrant itself must "limit the discretion of the executing officers as well as to give notice to the party searched." *United States v. Johnson,* 541 F.2d 1311, 1315 (8th Cir. 1976). Nevertheless, an affidavit may be used to cure a deficient warrant if the affidavit and warrant are physically attached to one another and the warrant refers to the affidavit and incorporates it by reference. *See State v. Mathison,* 263 N.W.2d 61, 63–64 n. 2 (Minn.1978); *State v. Herbst,* 395 N.W.2d 399, 403–04 (Minn.Ct. App.1986).

Here, the search warrant refers to both the application and affidavit. Furthermore, respondent asserts that the affidavit was attached to the warrant although there is no evidence in the record to support this assertion. However, because the officers who swore out the affidavit also executed the search, they had the benefit of the more specific language of the affidavit. Therefore, the trial court did not abuse its discretion in reading the two documents together to conclude that the purpose of the search was to locate evidence of violations of statutes governing child pornography and bestiality.

■ Appellant contends that the second portion of the warrant which directs seizure of contraband violating the new

Minnesota obscenity laws in effect authorizes an impermissible general search. Hence, appellant maintains that the warrant is invalid since it does not describe the materials to be seized with sufficient particularity. Because we find the first portion of the warrant to be valid, we need not address the specificity of the second part of the warrant. Nevertheless, even assuming the second portion of the warrant is invalid, it would not nullify the entire warrant. A court may sever invalid portions of a warrant and properly admit evidence seized pursuant to the valid portions. *See United States v. Fitzgerald,* 724 F.2d 633, 636–37 (8th Cir.1983), *cert. denied,* 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 538 (1984); *see also United States v. LeBron,* 729 F.2d 533, 537 n. 2 (8th Cir.1984).

b. Appellant also argues that the factual allegations in the affidavit did not support probable cause to believe that obscene materials were present in appellant's house. The standard for probable cause in the first amendment area is the same standard as in any other fourth amendment case. *See P.J. Video,* 475 U.S. at 875, 106 S.Ct. at 1615. Considering the totality of the circumstances, the magistrate should make a practical, common sense decision whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Wiley,* 366 N.W.2d 265, 268 (Minn. 1985) (quoting *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)). The reviewing court should give great deference to the magistrate's determination of probable cause and should not review that decision de novo. *Id.*

In this case, the affidavits support probable cause for violations of the child pornography and bestiality statutes. Appellant is not, however, charged with violation of the obscenity statute nor is it evident that the affiants ever intended to search for more than films involving child pornography and bestiality. In any event, this court will defer to the magistrate's determination that probable cause existed for seizure of the videotapes at issue here, regardless of whether there was probable cause for seizure of other allegedly obscene materials.

c. Appellant next alleges that the warrant was invalid because it authorized seizure of allegedly obscene material without according appellant a prior adversary hearing. A large-scale search of constitutionally protected material for the purpose of destroying it must be preceded by an adversary hearing on the question of obscenity. *See Marcus,* 367 U.S. at 735–36, 81 S.Ct. at 1718–19; *A Quantity of Copies of Books v. Kansas,* 378 U.S. 205, 210–11, 84 S.Ct. 1723, 1725–26, 12 L.Ed.2d 809 (1964). There is no right to a prior hearing, however, when single copies of films are seized to preserve the material as evidence in a criminal prosecution. *Heller v. New York,* 413 U.S. 483, 492, 93 S.Ct. 2789, 2794, 37 L.Ed.2d 745 (1973). This is true unless there has been a showing that only a single copy of the film exists. *See City of Duluth v. Wendling,* 306 Minn. 384, 388–89, 237 N.W.2d 79, 82 (1975); *Johnson v. City of Rochester,* 293 Minn. 156, 157, 197 N.W.2d 244, 245 (1972). *See also State v. Alexander,* 281 N.W.2d 349, 351 (Minn. 1979).

Appellant's argument is without merit for several reasons. First, every case involving seizure of "obscene" materials involved seizure from a commercial setting, either a bookstore or a movie theater. *See, e.g., Marcus,* 367 U.S. at 722–23, 81 S.Ct. at 1711–12 (newsstand and book distributor); *Wendling,* 306 Minn. at 385, 237 N.W.2d at 81 (theater). *See also Roaden v. Kentucky,* 413 U.S. 496, 504, 93 S.Ct. 2796, 2801, 37 L.Ed.2d 757 (1973) (bookstore or commercial theater setting invoked "higher hurdle" in fourth amendment warrant requirement). Seizure without a hearing constitutes a prior restraint only if it blocks distribution or exhibition of the material and deprives the public of the right to view the material. *See Quantity of Books,* 378 U.S. at 213, 84 S.Ct. at 1727. Appellant has not alleged that seizure of the videotapes has prevented their distribution or exhibition.

Second, in cases cited by appellant, the defendant was charged with violation of an obscenity statute or ordinance. Appellant here is charged with bestiality, not

obscenity. We see no reason to extend the procedures required in obscenity actions to this case.[1]

d. Notwithstanding the validity of the warrant, appellant contends that the videotapes should have been suppressed because the police seized every film and videotape in his home, regardless of content.

■ Generally, the seizure of some items beyond those specified in a search warrant does not alone require suppression of those items lawfully seized. *State v. Monsrud,* 337 N.W.2d 652, 661 (Minn.1983); *see also Marvin v. United States,* 732 F.2d 669, 674 (8th Cir.1984); *State v. Milliman,* 346 N.W.2d 128, 130 (Minn.1984). Even the temporary seizure of constitutionally protected material is not enough to invalidate the warrant. *Sequoia Books, Inc. v. McDonald,* 725 F.2d 1091, 1094 (7th Cir.1984), *cert. denied,* 469 U.S. 817, 105 S.Ct. 83, 83 L.Ed.2d 31 (1984), *cited with approval in P.J. Video,* 475 U.S. at 870, 106 S.Ct. at 1612. Only when the officers show a flagrant disregard for the terms of a warrant should all the evidence seized be suppressed. *Marvin,* 732 F.2d at 674–75.

■ Here, the officers seized all the materials in appellant's home because viewing each film prior to seizure would have taken enormous amounts of time and would have severely inconvenienced appellant. These actions do not show flagrant disregard for the warrant so as to require suppression of the lawfully seized videotapes.

2. Finally, appellant contends that the evidence at trial was insufficient to sustain appellant's conviction under Minn.Stat. § 609.294 (1988). In reviewing the sufficiency of the evidence in criminal cases, the same standard of review applies to cases heard with or without a jury. *State v. Cox,* 278 N.W.2d 62, 65 (Minn.1979); *State v. Langaas,* 426 N.W.2d 479, 481 (Minn.Ct. App.1988). Consequently, this court will uphold the trial court if, based on the evidence in the record, the trial court reasonably could have found appellant guilty of the crime charged. *Cox,* 278 N.W.2d at 65.

The reviewing court must view the evidence in a light most favorable to the finding of guilt. *State v. Wiley,* 366 N.W.2d 265, 269 (Minn.1985). The reviewing court need not, however, defer to the trial court on questions of law such as statutory construction. *State v. Ford,* 377 N.W.2d 62, 66 (Minn.Ct.App.1985), *rev'd on other grounds,* 397 N.W.2d 875 (Minn.1986).

■ Appellant was found guilty of one count of bestiality for masturbating the Rottweiller dog and four counts of aiding and abetting bestiality under Minn.Stat. § 609.294 (1988). Under the statute, an individual who "carnally knows" an animal is guilty of bestiality. Minn.Stat. § 609.294. The statute does not define the term "carnally know."

Appellant claims that "carnal knowledge" refers to "the act of a male sexually penetrating a female, with his genital organ." Consequently, appellant contends that neither masturbation of the dog nor vaginal or oral intercourse between the females and the dog can be termed carnal knowledge under the statute.

Prior to 1967, two Minnesota statutes used the term "carnally know." A person violated the sodomy statute if he or she

> carnally [knew] *in any manner* any animal or bird, or carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge.

Minn.Stat. § 617.14 (1965) (emphasis added). Minnesota Statutes also prohibited carnally knowing a female child under 18 years of age. Minn.Stat. § 617.02 (1965).

Carnal knowledge with a child was incorporated into the criminal sexual conduct statutes. *See* Minn.Stat. §§ 609.341–.345 (1988). The sodomy statute was divided into two separate statutes for sodomy and bestiality. Sodomy is currently defined as "carnally knowing any person by the anus or by or with the mouth." Minn.Stat. § 609.293, subd. 1 (1988).

In interpreting the early sodomy and carnal knowledge statutes, the Minnesota Supreme Court stated:

---

1. Because we hold that the warrant is sufficient, we need not address the plain view and exigent circumstances exceptions to the warrant requirement and the good faith exception to the exclusionary rule.

The carnal knowledge statute refers to acts of sexual intercourse in a normal manner. In its generally accepted meaning "carnal knowledge" signifies sexual intercourse. Sodomy involves abnormal and perverted sexual relationship. Both carnal knowledge and sodomy involve carnal knowledge of the victim.

*State v. Schwartz,* 215 Minn. 476, 478, 10 N.W.2d 370, 371 (1943). *Schwartz* involved an adult male forcing a seventeen-year-old girl to perform oral sex on him. *Id.* at 476–77, 10 N.W.2d at 370.

No Minnesota cases have defined the term "carnally know" in reference to an animal. Consequently, we will look to other jurisdictions for assistance. Generally, acts of bestiality include a broader range of conduct than sodomy. *See People v. Carrier,* 74 Mich.App. 161, 166, 254 N.W.2d 35, 38 (1977). In analyzing a statute prohibiting crimes against nature with a beast, the Indiana Supreme Court noted that crimes against nature include acts which corrupt morals and disgrace human nature by an unnatural sexual gratification and "acts of a bestial character whereby degraded and perverted sexual desires are sought to be gratified contrary to nature." *Murray v. State,* 236 Ind. 688, 692–93, 143 N.E.2d 290, 292 (1957) (citations omitted). The Michigan Court of Appeals defined bestiality as "a sexual connection between a man or a woman and an animal." *Carrier,* 74 Mich.App. at 166, 254 N.W.2d at 38; *see also State v. Poole,* 59 Ariz. 44, 47, 122 P.2d 415, 416 (1942).

To give effect to the term "carnally know" in both the Minnesota bestiality and sodomy statutes, we must construe the term broadly. In the sodomy statute, the legislature limited "carnally know" by reference to the anus and the mouth. Minn. Stat. § 609.293, subd. 1 (1988). By prohibiting carnal knowledge of animals without limitation, the legislature declared its distaste for any contact between humans and animals for the purpose of sexual gratification. In addition, the videotapes graphically depict the coarse and vile degradation, brutalizing, and bestializing of women for the indulgence of carnal appetites. Cer-

tainly this bestial type of depraved conduct is proscribed by the legislature and by all standards of common decency.

This construction is consistent with the Minnesota Supreme Court's interpretation of carnal knowledge in the old sodomy statute as an "abnormal and perverted sexual relationship" and other jurisdictions' assessment that bestiality encompasses any sexual connection between humans and beasts. We believe the legislature fully intended that appellant's masturbation of the dog and the women's participation in oral and vaginal intercourse with the dog fall within the ambit of the Minnesota bestiality statute, Minn.Stat. § 609.294. Consequently, we hold that the evidence before the trial court was sufficient to support appellant's conviction for bestiality and aiding and abetting bestiality.

## DECISION

The trial court did not abuse its discretion in admitting the videotapes. In addition, the trial court did not err in finding that appellant's conduct was prohibited by Minnesota's bestiality statute, Minn.Stat. § 609.294 (1988).

Affirmed.