COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Alston
Argued at Richmond, Virginia


ROBERT JAMES WARD

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 0071-10-2            CHIEF JUDGE WALTER S. FELTON, JR.
                                                     MARCH 8, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
David H. Beck, Judge

Ronald Hur, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Josephine F. Whalen, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Following a bench trial, Robert James Ward ("appellant") was convicted of carnal

knowledge of a brute animal in violation of Code § 18.2-361.  Appellant contends the trial court

erred in finding that there was sufficient evidence to corroborate his extrajudicial confession that he

digitally penetrated a dog's vagina and caused the dog to lick his penis and anus and that those acts

constituted carnal knowledge of a brute animal in violation of Code § 18.2-361.  For the following

reasons, we affirm the judgment of the trial court.

I.  BACKGROUND

"Where an appellant challenges the sufficiency of the evidence, we review the evidence

in the light most favorable to the party prevailing below, and we will affirm the judgment of the

trial court unless plainly wrong or without evidence to support it."  Aldridge v. Commonwealth,

44 Va. App. 618, 648, 606 S.E.2d 539, 554 (2004).  "'In determining whether the trial court

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

made an error of law, we review the trial court's statutory interpretations and legal conclusions *de novo*.'" Ngomondjami v. Commonwealth, 54 Va. App. 310, 319, 678 S.E.2d 281, 286 (2009) (quoting Auer v. Commonwealth, 46 Va. App. 637, 643, 621 S.E.2d 140, 143 (2005)).

Appellant lived with his adult daughter. Sometime prior to October 1, 2008, appellant's daughter adopted a six-month-old female German Shepherd mixed-breed dog and brought it home to live with her.[1] Appellant's daughter was typically absent from the home approximately fourteen hours a day during the workweek. Appellant was home alone with the dog during that time period.

Appellant's daughter testified that when she first adopted the dog it was very active, greeted her at the door, and had an excellent appetite. However, in November 2008, she noticed that the dog started constantly having trouble with its "anal glands." As a result, she had to repeatedly take it to a veterinarian. By December 2008, appellant's daughter noticed a significant change in the dog's behavior and feeding habits. She testified that the dog would "get in moods" and became "distant." It stopped greeting her at the door when she returned home. She further testified that it stopped eating and drinking when she was not at home and that it would only eat when she was present, and then only after she changed the food and water in the dog's bowls.

On May 18, 2009, appellant told his daughter that he had "done something" and needed to talk to her. He told her that he had been "inappropriately touching" the dog. When he told her that he would "insert," she interrupted him and called the sheriff's department. A deputy sheriff arrived shortly thereafter. Appellant told the deputy that "[h]e would stick his finger in the dog's vagina, and also had the dog lick his penis and 'asshole' for the past five months, about three times a week."

---

[1] Appellant's daughter testified that she adopted the dog from a "regular adoption family." That family told her that the dog had been previously abused by an adult male and that they had recently rescued it from a "kill shelter." She testified that she understood a "kill shelter" to be an animal shelter where badly abused or unwanted animals are sent to be euthanized.

Appellant was thereafter arrested and charged with carnal knowledge of a brute animal in violation of Code § 18.2-361.

At trial, the deputy told the trial court what appellant told him he had done to the dog. Appellant's daughter testified that appellant told her he had "inappropriately touch[ed]" the dog. She also testified as to her observations of the dog's behavior before and after appellant was removed from the home. She testified that following appellant's removal from the residence, the dog's behavior returned to how it was when she first adopted it, that it no longer had trouble eating or drinking, and that it became more relaxed.

Appellant argued that no evidence presented at trial corroborated his extrajudicial confession that he digitally penetrated the dog's vagina and that the dog licked his penis and anus, i.e., that the *corpus delicti* had not been proved.[2] He further argued that "carnal knowledge" under Code § 18.2-361 required proof of sexual penetration and that, even if his confession to the deputy was believed, his conduct with the dog did not come within the conduct the General Assembly intended to punish in that statute.

After considering the evidence and argument of counsel, the trial court found that appellant's daughter's testimony, describing the dog's changes in behavior, its eating pattern, and the medical issues with its "anal glands," sufficiently corroborated appellant's extrajudicial statements, and thus, established the required *corpus delicti*. It also found that "carnal knowledge" as used in Code § 18.2-361 included "any sexual bodily connection," citing Shull v. Commonwealth, 16 Va. App. 667, 431 S.E.2d 924 (1993), and its progeny. It found from the evidence presented at trial that appellant digitally penetrated the dog's vagina, that he caused the dog to lick his penis and anus, and that his conduct established "sexual bodily connection." It

---

[2] "*Corpus delicti* means, literally, 'the body of a crime,' or 'the fact of a transgression.'" Aldridge, 44 Va. App. at 648, 606 S.E.2d at 554 (quoting Black's Law Dictionary 346 (7th ed. 1999)).

- 3 -

held that appellant's actions constituted "carnally knows in any manner any brute animal" within the meaning of Code § 18.2-361 and convicted appellant of that offense. This appeal followed.

## II. ANALYSIS

### A. *Corpus Delicti*

Appellant contends the trial court erred in finding the evidence established his guilt beyond a reasonable doubt. He argues that the evidence presented at trial did not establish the *corpus delicti* and that, absent sufficient evidence corroborating his extrajudicial confession, the trial court erred in convicting him.

> In any criminal prosecution, the Commonwealth must prove the corpus delicti, "that is, the fact that the crime charged has been actually perpetrated." Cherrix v. Commonwealth, 257 Va. 292, 305, 513 S.E.2d 642, 651 (1999). However, when an accused has fully confessed to commission of the crime, "only *slight* corroboration of the confession is required to establish *corpus delicti* beyond a reasonable doubt." Id. (emphasis added); accord Clozza v. Commonwealth, 228 Va. 124, 133, 321 S.E.2d 273, 279 (1984); Campbell v. Commonwealth, 194 Va. 825, 833, 75 S.E.2d 468, 473 (1953). While an accused cannot be convicted based solely on his or her confession, "[i]t is not necessary, however, that there be independent corroboration of all the contents of the confession, or even of all the elements of the crime. The requirement of corroboration is limited to the facts constituting the *corpus delicti*." Watkins v. Commonwealth, 238 Va. 341, 348, 385 S.E.2d 50, 54 (1989). In addition, "corroborative facts supporting the *corpus delicti* may be furnished by circumstantial evidence as readily as by direct evidence." Id. at 349, 385 S.E.2d at 54 (citing Epperly v. Commonwealth, 224 Va. 214, 229, 294 S.E.2d 882, 891 (1982)).

Magruder v. Commonwealth, 275 Va. 283, 307-08, 657 S.E.2d 113, 126 (2008), vacated and remanded on other grounds sub nom. Briscoe v. Virginia, 130 S. Ct. 1316 (2010), aff'd in part, rev'd in part on remand sub nom. Cypress v. Commonwealth, 280 Va. 305, 699 S.E.2d 206 (2010).

Here, the record reflects that in November 2008 the dog's owner, appellant's daughter, noticed that the dog began having trouble with its "anal glands," requiring her to take it to the

- 4 -

veterinarian on multiple occasions. Beginning in December 2008, she observed that the dog demonstrated behavioral and eating changes during that same time period. The dog stopped greeting her when she came home from work at night, and would only eat and drink when she was present, and then only after the food and water bowls had been emptied and refilled. The dog also became jumpy when approached while it was eating. During that same time period, appellant was the only person in the house and was alone with the dog for ten or more hours each day while his daughter was away at work.

Unlike the situation presented in Phillips v. Commonwealth, 202 Va. 207, 116 S.E.2d 282 (1960), where the only evidence corroborating Phillips' extrajudicial confession of sodomy was that he was at a particular location at the time the crime was alleged to have occurred, here, not only was appellant the only person present at the house with the dog when his daughter was at work, but during that same time period the dog developed problems with its "anal glands" and demonstrated odd behavioral and eating patterns. Those problems ceased almost immediately after appellant was removed from the house.[3]

From the record on appeal, we conclude that the trial court did not err in its factual finding that, three times a week over the course of about five months, appellant digitally penetrated the dog's vagina.[4] Accordingly, we conclude the trial court did not err in finding the

---

[3] Appellant makes much of his daughter's testimony that, even though she began taking the dog to the veterinarian in November of 2008, he was not charged with any wrongdoing in November 2008. He argues that, because the Commonwealth alleged that he began sexually molesting the dog in December 2008, any evidence of the dog's odd behavior prior to that time could not be corroborative of his later confession. The trial court found that the time period comprising both appellant's extrajudicial confession and his daughter's testimony "was just an estimate."

[4] However, we are unable to conclude from this record that sufficient evidence, excluding appellant's extrajudicial admission, established that he caused the dog to lick his penis and anus over the stated time period.

evidence presented at trial sufficiently corroborated appellant's extrajudicial confession to establish the *corpus delicti* of the charged offense.

## B. Carnal Knowledge

Appellant also contends the trial court erred in finding that he "carnally knew" a brute animal as prohibited by Code § 18.2-361(A). He argues that digital penetration of a dog's vagina does not constitute "carnal knowledge" under Code § 18.2-361(A). He asserts that "carnal knowledge" under that statute requires evidence of penetration of an animal by the male sexual organ. We disagree.

"[U]nder basic rules of statutory construction, we determine the General Assembly's intent from the words contained in the statute." Elliott v. Commonwealth, 277 Va. 457, 463, 675 S.E.2d 178, 182 (2009). "In accordance with the principles of statutory construction of penal statutes, a court must not add to the words of the statute nor ignore the words of the statute and must strictly construe the statute and limit its application to cases falling clearly within the statute." Farrakhan v. Commonwealth, 273 Va. 177, 181, 639 S.E.2d 227, 230 (2007).

Code § 18.2-361 provides, in pertinent part, "If any person carnally knows *in any manner* any brute animal, or carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge, he or she shall be guilty of a Class 6 felony . . . ." Code § 18.2-361(A) (emphasis added).

This Court has previously held that the term "carnal knowledge"[5] includes "'"any sexual bodily connection, not simply sexual intercourse."'" Singson v. Commonwealth, 46 Va. App. 724, 733, 621 S.E.2d 682, 686 (2005) (quoting Santillo v. Commonwealth, 30 Va. App. 470, 483, 517 S.E.2d 733, 740 (1999) (quoting Shull, 16 Va. App. at 669, 431 S.E.2d at 925)) (interpreting portion

---

[5] The General Assembly and Virginia's appellate courts have consistently used the terms "carnal knowledge" and "carnally knows" interchangeably. See McCall v. Commonwealth, 192 Va. 422, 425, 65 S.E.2d 540, 542 (1951).

of Code § 18.2-361 prohibiting "carnal knowledge" between humans).  However, neither Code § 18.2-361(A) nor any Virginia appellate court has previously defined the phrase "carnally knows in any manner" as that phrase relates to "any brute animal."[6]

Other jurisdictions that have considered human, non-human sexual conduct provide some guidance.  The Court of Appeals of Minnesota considered a statute[7] similar to Code § 18.2-361.  It reviewed decisions from other jurisdictions interpreting the phrase "carnally knows" in reference to human sexual conduct with an animal.  State v. Bonynge, 450 N.W.2d 331 (Minn. Ct. App. 1990).[8] The Minnesota court concluded that "[g]enerally, acts of bestiality include a broader range of conduct than sodomy."[9]  Id. at 338 (citing People v. Carrier, 254 N.W.2d 35, 38 (Mich. 1977)).  It noted that "bestiality" has long been considered a crime against nature, "which corrupt[s] morals and disgrace[s] human nature by an unnatural sexual gratification" and that these legislative enactments are intended to prohibit "'acts of a bestial character whereby degraded and perverted

---

[6] At trial and on brief, appellant argued that the Virginia Supreme Court has held that "carnal knowledge" requires proof of penetration by the male sexual organ.  In support of that assertion, he cites McCall, 192 Va. at 425, 65 S.E.2d at 542 ("The words 'carnally know' or 'carnal knowledge' as used in [former Code § 18-54] and similar statutes mean sexual intercourse."), and Welch v. Commonwealth, 271 Va. 558, 564, 628 S.E.2d 340, 343 (2006) ("Our case law regarding proof required for conviction of carnal knowledge makes it quite clear that proof of penetration must be elicited to support a conviction." (interpreting Code § 18.2-63)).  However, both McCall and Welch addressed "carnal knowledge" between humans. Here, the portion of Code § 18.2-361 at issue makes criminal the actions of one who "carnally knows *in any manner* any *brute animal*."  Code § 18.2-361(A) (emphasis added).

[7] "Under the [Minnesota] statute, an individual who 'carnally knows' an animal is guilty of bestiality."  State v. Bonynge, 450 N.W.2d 331, 337 (Minn. Ct. App. 1990) (quoting Minn. Stat. § 609.294 (1988)).

[8] In Bonynge, the Minnesota court found that a person's masturbation of a dog fell within the ambit of that state's bestiality statute.  Id. at 338.

[9] "At common law, sodomy was the carnal copulation of persons in other than the natural manner, i.e., in a way which was against nature.  Intercourse by the anus was required . . . ."  3 Wharton's Criminal Law § 288 (15th ed. 1995) (footnote omitted) (citing Wise v. Commonwealth, 135 Va. 757, 115 S.E. 508 (1923)).  Conversely, "bestiality" is defined as "[s]exual activity between a human and an animal."  Black's Law Dictionary 181 (9th ed. 2009).

sexual desires are sought to be gratified contrary to nature.'" Id. (quoting Murray v. State, 143 N.E.2d 290, 292 (Ind. 1957)). The Court of Appeals of Minnesota found that the Minnesota legislature specifically limited the definition of carnal knowledge *between humans* to penetration "'by the anus or by or with the mouth.'" Id. at 337 (quoting Minn. Stat. § 609.293, subd. 1 (1988)). However, it held that "[b]y prohibiting carnal knowledge of animals without limitation, the legislature declared its distaste *for any contact* between humans and animals for the purpose of sexual gratification." Id. at 338 (emphasis added).

Similarly, the Virginia General Assembly chose to prohibit carnal knowledge "in *any* manner" with an animal. Code § 18.2-361(A) (emphasis added). Although the General Assembly has provided a broad, detailed definition of "carnal knowledge" in other statutes, see Code §§ 18.2-63, 18.2-64.1, and 18.2-64.2 (defining "carnal knowledge" to include "acts of sexual intercourse, cunnilingus, fellatio, anilingus, anal intercourse, and animate and inanimate object sexual penetration"), it did not limit its definition of "carnal knowledge" in Code § 18.2-361(A). Notably, Code § 18.2-361(A) is the only code section to prohibit carnal knowledge "in any manner," and uses that term specifically as it relates to prohibited sexual conduct with "any brute animal." See Farrakhan, 273 Va. at 181, 639 S.E.2d at 230.

Conversely, the General Assembly specifically limited the definition of "carnal knowledge" *between humans* in Code § 18.2-361 to "by the anus or by or with the mouth." Code § 18.2-361(A). "[I]t is a 'settled principle of statutory construction that every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary.'" Farrakhan, 273 Va. at 181, 639 S.E.2d at 230 (quoting Hubbard v. Henrico Ltd. P'ship, 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998)). Accordingly, we conclude that the General Assembly intended by its use of the phrase "carnally knows *in any manner* any brute animal," Code § 18.2-361(A) (emphasis added), to include any sexual bodily connection between humans and

animals.  See <u>Bonynge</u>, 450 N.W.2d at 338 ("carnal knowledge" of an animal "encompasses any sexual connection between humans and beasts"); <u>see also</u> <u>Carrier</u>, 254 N.W.2d at 38 (defining "bestiality" as a "sexual connection between a human being and an animal"); <u>State v. Poole</u>, 122 P.2d 415, 416 (Ariz. 1942) (defining "bestiality" as "'a connection between a human being and a brute of the opposite sex'" (quoting <u>Ausman v. Veal</u>, 10 Ind. 270, 271 (1858))).

Based on the trial court's factual findings, that appellant digitally penetrated the dog's vagina three times a week for five months, we conclude it did not err in finding the evidence sufficient to convict appellant of carnal knowledge of a brute animal in violation of Code § 18.2-361.

For the foregoing reasons, we affirm appellant's conviction.

<u>Affirmed.</u>